## KIDD & CO. vs. CROMWELL, HAIGHT & CO.

1. It is the peculiar province of the court to construe written instruments and to declare their legal effect.
2. K. & Co. being indebted by note to C. H. & Co. of New York, wrote to them to "return the note to R. S. & Co, our agents in Mobile, who will pay it on presentation." The note was accordingly remitted to R. S. & Co., who in return sent their receipt to C. H. & Co, in which they promised "to account" to them for the note. *Held*—That R. S. & Co. did not thereby become the agents of C. H. & Co., and could not discharge K. & Co. from the debt without a payment to C. H & Co.
3. Secondary evidence of the contents of a letter in the hands of a third person is not admissible, unless the absence of the original is first satisfactorily accounted for.
4. Proof that a party acted as the agent of another is admissible, when accompanied by proof of other facts showing a recognition of the agency.

Error to the Circuit Court of Shelby. Tried before the Hon. John D. Phelan.

This was an action of assumpsit by the defendants against the plaintiffs in error to recover the amount due on a promissory note, dated 1st March 1845, at nine months after date, and payable at the office of Rhea, Sykes & Co., Mobile. It appears by the bill of exceptions that the note was protested at maturity for non-payment and returned to the payees in New York, who remitted it to Messrs. Woodward & Woodward, attorneys at law, for collection; that Messrs. W. & W. afterwards, under instructions from the payees, sent it to Rhea, Sykes & Co. at Mobile, who, upon its coming to hand, gave them a receipt in the following words: "Rec'd, Mobile, January 27, 1846, from Messrs. Woodward & Woodward, by the hands of Crawford & Gandy, a note for three hundred and sixteen 60-100 dollars, made by W. B. Kidd & Co., dated March 1, 1845, and due nine months after date, and for which we promise to account to Messrs. Cromwell, Haight & Co., New York, to whom said note is payable"; and that the instructions by the payees to their attorneys were given at the request of Kidd & Co., communicated by letter, bearing date the 20th December 1845, in which they say, "Please return the note to Rhea, Sykes & Co., our agents in Mobile, who will pay it on presentation." It further appears that Kidd & Co. shipped forty bales of cotton to Rhea, Sykes & Co., with instructions to sell it and pay the note out of the proceeds; that Rhea, Sykes & Co. sold the cotton, and on settlement with Kidd & Co. charged them with the amount of the note and delivered it up to them, but had never paid Cromwell, Haight & Co., the payees; and that Rhea, Sykes & Co. soon afterwards failed and became wholly insolvent. The plaintiffs on the trial were permitted to prove by one Henrick the contents of a letter, dated the 8th of March 1846, addressed by the defendants to their brother James Kidd in New York, by whom it was read to the witness, to which the defendants excepted. It appeared in evidence that James Kidd, a brother of the defendants, purchased the goods for which the note was given as the agent of the defendants, and as such agent signed their names to the note, and that the defendants, on the 25th March 1846, had written a letter to the plaintiffs in reference to the note, in which they said, "Our brother, James Kidd, wrote us, soon after he arrived in New York, and stated that you had not received your money," &c. In connection

42

with this testimony, the plaintiffs were allowed to prove by the same witness, Henrick, that James Kidd was during the greater part of the month of March in New York, acting as the agent of the defendants in settling up their business, and that he said to him, if Rhea, Sykes & Co. did not pay the note, W. B. Kidd & Co. would do so. The defendants objected to this proof, and upon the objection being overruled, saved the exception. Upon these, which are substantially all the facts in the case, the court charged the jury that the defendants, by their letter of the 20th December 1845, made Rhea, Sykes' & Co. their agents to pay the note, and the payment of the money by them to Rhea, Sykes & Co. was not a satisfaction of the note, notwithstanding the plaintiffs had taken from them the receipt that had been given in evidence. The defendants asked the court to charge the jury, that if the plaintiffs were instructed by the defendants to present the note for payment merely to Rhea, Sykes & Co., said instructions would not bind the defendants to make good a default of Rhea, Sykes & Co. made long after the note was presented and not paid, and after the note was deposited by the plaintiff in the hands of Rhea, Sykes & Co. for collection; 2d, that upon the promise of Rhea, Sykes & Co. to account for the money, when collected on said note, Rhea, Sykes & Co. became the agents of the plaintiffs; 3d, that if the jury believed from the evidence that Rhea, Sykes & Co. were the agents of the defendants for the payment of the note when presented, and the agents of the plaintiffs to pay the money to them, when collected, a payment of the money by defendants to Rhea, Sykes & Co. was a satisfaction of the note,—which charges the court refused to give. To the rulings of the court, to the charge given, and the refusal to charge as asked, the defendants excepted, and now assign them as error.

RICE & PECK, for the plaintiffs in error:

1. The charge given by the court, when construed with reference to the evidence, is too sweeping. It denies to the plaintiffs in error the right to a verdict, even if the jury believed that Rhea, Sykes & Co. were the agents of defendants in error, and as such agents received payment of the note from plaintiffs in error.

2. In this case, as reported in 13 Ala. Rep. 577, the court

said, "It cannot be infered that R., S. & Co. were the agents of the plaintiffs (Cromwell, Haight & Co.) for the collection of the note when it was returned." And because this fact was not then proved and could not then be "infered" from the record, this court then decided against Kidd & Co. But now this very fact is clearly proved, and therefore the former decision cannot militate against Kidd & Co. See the receipt of Rhea, Sykes & Co., which is set forth in the record. The receipt was not shown on the former trial. The charges asked were authorised by the evidence, and should have been given.

3. The fact that R., S. & Co. were agents of both parties makes no difference. As agents of Cromwell, Haight & Co., they collected the money from Kidd & Co., and their receipt binds them to account to C., H. & Co. This receipt shows that C., H. & Co. treated R., S. & Co. as their agents.

4. The exceptions relating to the evidence are well taken, and are insisted on.

WHITE & PARSONS, for defendants in error:

The testimony of Henrick and the letter of B. W. Kidd & Co. of 25th March 1846, to C., H. & Co., showed that James W. Kidd was the agent of B. W. Kidd & Co., settling up their business in New York in the spring of 1846.

The letter of the 8th of March 1846, to James W. Kidd, written by B. W. Kidd & Co., was not in the possession of plaintiffs, and they were not bound to produce it, nor was it in possession of defendants, and therefore no notice to them to produce it was necessary. The proof was collateral to the issue, and the letter need not be produced.—1 Greenl. Ev. § 89.

By their letter of December 20, 1845, B. W. Kidd & Co. induced C., H. & Co. to send the note to Rhea, Sykes & Co., their agents, and thereby undertook for their fidelity, and could discharge themselves from the note only by seeing that the money paid by them to R., S. & Co. was applied to its payment. See this case, 13 Ala. 576.

The charge given is in strict accordance with the law, as laid down in the opinion refered to.

The charges asked and refused were either abstract or inconsistent with the law of the case as settled by this court, and were properly refused.

The evidence with regard to agency being all written, it was the duty of the Court to determine whether R., S. & Co. were the agents of C., H. & Co., and the charges refering that question to the jury were properly refused.—Br. Bank at Mobile v. Boykin, 9 Ala. 320. .

CHILTON, J.—It is the peculiar province of the court to construe and expound written instruments, and to declare their legal effect.—Martin v. Chapman, 6 Port. 344. In the case before us, the evidence of the agency of Rhea, Sykes & Co. for Cromwell, Haight & Co. consists of a written receipt, executed by them (R., S. & Co.) for the note sent them as the agents of the plaintiffs in error, in accordance with their letter under date the 20th December 1845, to the payees. If the proof set out in this record is the only evidence that Rhea, Sykes & Co. were the agents of the payees, then we have no hesitation in pronouncing as a legal conclusion upon it, that it would not justify the court below in giving either of the three instructions prayed for by the defendants below, but warranted the affirmative charge given. The receipt, unconnected with other proof of agency, does not show, when construed with reference to the letter above mentioned, that R., S. & Co. could discharge Kidd & Co. before making the payment to the payees of the note. The receipt is but the written acknowledgment of a contract, similar to that the law would imply without it, and does not have the effect to change the agent of Kidd & Co., appointed by them to pay their debt, into an agent of the payees, with authority to discharge them from it without payment.

But the court below clearly mistook the law in holding that the witness Henrick might speak of the contents of the letter of date 8th March 1846, without any attempt to procure its production or accounting in any way for its non-production. It is true that the letter, the contents of which is sought to be proved, was shown to have been in the possession of a third party; but it is not shown that the plaintiff below could not have compelled its production by subpœna, or have obtained it without one.

We think the other objections to the proof not well taken. As to the frame of the question, to the answer to which an objection is raised, as not being responsive, we can give no opinion, since the interrogatories are not in the record. The proof

of agency, as made by Henrick in his answer to the 4th interrogatory, though inadmissible of itself, was legitimate in connection with the proof with which it was offered.

Let the judgment be reversed and the cause remanded.