# Doe *ex dem* Chamberlain, Miller & Co. *v.* Abbott, *et al.*

## *Ejectment.*

(Decided July 2, 1907.   44 South. 637.)

1. *Attorney and Client; Presumption; Authority.*—Until the contrary is shown an attorney who is regularly admitted and licensed is presumed to have authority to appear for the party whom he professes to represent, and the burden is upon the party denying the authority of the attorney.

2. *Same; Waiver of Right to Challenge.*—The right to require an attorney to establish an atuhority to appear for the party he represents is waived if his right to appear is not challenged at the first term after service and before pleading and not until after the trial had been entered by a selection of the jury.

3. *Same; Sufficiency of Challenge.*—A mere denial that an attorney has the authority to appear, in the absence of facts showing or tending to show a want of such authority, is not sufficient to put the attorney to proof of his authority.

4. *Same.*—Under the express provisions of section 594, Code 1896, the right to challenge the authority of an attorney may be waived in like manner as the same right secured by the common law.

[Doe ex dem Chamberlain, Miller & Co. v. Abbott, et al.]

APPEAL from Randolph Circuit Court.

Heard before Hon. S. L. BREWER.

Ejectment by John Doe, on the demise of Chamberlain, Miller & Company, against Thomas Abbott and others. Judgment for defendant, and plaintiffs appeal. Reversed and remanded.

This is a common-law action of ejectment, at the suit of Chamberlain, Miller & Co. and the individuals composing the firm against Thomas Abbott and others, for a recovery of certain lands mentioned therein. The suit was dismissed on motion of defendant for want of authority in the attorney to bring the suit, concerning which the facts are sufficiently stated in the opinion of the court.

JAMES AIKEN, and GEORGE D. MOTLEY, for appellant. —The authority of attorney being shown in the declaration, the defendant, by pleading the general issue, waives the right to inquire into the authority of the attorney for appellant.—*Lucas v. The Bank of Georgia*, 2 Stew. 147. The authority of an attorney to represent his alleged client can not be questioned at the trial and such an objection should it seems be taken at the first term. The application for plaintiffs attorney to show authority should be made before the plea is filed.—4 Cyc. 930 (3); *Indian R. Co. v. Maddy*, 103 Ind. 200; *Louisville R. R. Co. v. Newsome*, 13 Ky. L. Rep. 174; *Upham v. Bradley*, 17 Me. 423; *Norberg v. Heineman*, 59 Mich. 210; *Manchester Bank v. Fellows*, 28 N. H. 302; *People v. Lamb*, 85 Hun. (N. Y.) 171; *Roland v. Gardner*, 69 N. C. 53; *Knowlton v. Plantation*, 14 Me. 20; *Low v. Settle*, 22 W. Va. 387; *Rogers v. Crommelin*, 1st Cranch C. C. (U. S.) 536; *Mix v. People*, 116 Ill. 265; *Mason v. Stewart*, 6 La. Ann. 736; *O'Flinn v. Eagle*, 7 Mich. 306; *Reece v. Reece*, 66 N. C. 377; *Campbell v. Galbreath*, 5

Watts (Pa.) 423; *Mercier v. Mercier,* 2 Dall. (Pa.) 142; *Sheetz v. Whitaker,* 7 Wkly. Notes Cas. (Pa.) 570; *Prentiss v. Helley,* 41 Me. 436; *First Parish v. Cole,* 3 Pick. (Mass.) 232.

STELL BLAKE, JOHN W. OVERTON, and LACKEY & BRIDGES, for appellee.—An attorney can not appear in a suit without a special authority for the particular purpose.—Weeks on Attorneys, pages 335 to 348. An attorney is a special agent.—*Robinson v. Murphy,* 69 Ala. 543.

When an attorney commences a suit without authority, it is the duty of the court to dismiss the same on motion of defendant.—Weeks on Attorneys, 351; *Clark v. Willett,* 35 Cal. 534; *Turner v. Caruthers,* 17 Cal. 432; *Frye v. County of Calhoun,* 14 Ill. 132; *McKiernan v. Patrick,* 4 Howard (Miss.) 333.

The action of the court on the motion in this cause was a summary order from which no appeal lies.—23 Cyc. 768; *Scott v. Rivers,* 1 Stewart & Porter, 24.

HARALSON, J.—The authority of an attorney at law,—says Mr. Weeks,—who is regularly admitted and licensed, to appear for the party whom he professes to represent, is presumed, until the contrary is shown; or, in other words, an appearance in a suit by an attorney of the proper court, is presumed to be authorized. The burden of proof is upon the party denying the authority. But the author adds: "Notwithstanding this, the opposite party may, at the outset, compel the attorney to show his authority, or produce his warrant of attorney. For this purpose due cause must be shown."—Weeks on Attorneys at Law, §§ 196, 198. 200.

It is also said by Mr. Weeks. that "in order to invoke the exercise of such power, the opposite party, when he

questions the authority of the attorney, must state facts showing or tending to show, that the attorney did not possess the authority which he exercised. He must state such facts, and the grounds and reasons which induced him to believe that the attorney had no authority to appear; otherwise, the prima facie evidence, viz., the presumptions arising from the license and the fact of the appearance will prevail," etc.—§ 198.

"The authority of an attorney to represent his alleged client cannot be questioned at the trial, and such objection should, it seems, be taken at the first term. The application for plaintiff's attorney to show authority should be made before a plea is filed."—4 Cyc. 930.

In *Lucas v. Bank,* 2 Stew. 149, this court said: "If, however, it were conceded, that an attorney professing to represent a corporation should be required to produce the warrant of his appointment, we would say, that in this case, it had been admitted, or the right to demand its production waived, by pleading the general issue."—*Gaines v. Bank,* Minor, 51.

In this case, a suit was instituted in August, 1899, by the attorney, whose authority to do so is questioned, in favor of the plaintiffs against Thomas Abbott and others, in ejectment for the lands mentioned in the declaration. One of the defendants filed a plea, that he was the tenant of one Whitten, and asked that the latter be made a party defendant; and he was, in August, 1900, admitted to defend, and filed a plea of not guilty; another defendant, in August, 1899, filed a plea of disclaimer; and another filed a plea of not guilty and disclaimer, and on that day, August 20, 1900, a trial was had and judgment rendered for the defendants. Thereafter, on August 22, 1900, plaintiffs moved for a new trial and on August 24th the judgment was set aside and a new trial granted.

On August 15, 1904, one of the defendants, Whitten, filed a sworn plea denying the partnership of the plaintiffs, and on the same day, said Whitten filed a motion to require James Aiken, to produce his authority to appear as an attorney from each and every lessor named in the declaration, which motion was filed with the clerk of the court, but was never called to the attention of said Aiken until after the jury to try the cause had been selected, empaneled and sworn, in February, 1906, for the trial of the same, and that said Aiken knew nothing of said motion until after the plaintiffs had stated their cause to the jury, and then defendants called plaintiffs' attorneys attention to said motion.

James Aiken was sworn as a witness, presumably for defendant, and testified without objection, that he was the agent for the plaintiffs in purchasing the lands sued for, a short while before the Civil War; that he acted as their agent to collect rents and pay taxes on the land, and was never employed by them as attorney to bring this suit; that he had not heard from plaintiffs since 1868, and did not know whether they were living or dead, and prior to and including the year, 1868, he had corresponded with plaintiffs about selling the lands sued for, and no correspondence was ever had about the bringing of this suit, but that it was instituted by him, under and by virtue of his authority as agent of the plaintiffs, looking after the lands, to protect the interest of plaintiffs, when defendants went into possession of the lands.

Under this state of facts, if the authority of said Aiken to institute the suit had been properly challenged, at the threshold, or commencement of the suit, at the first term after service and before pleading, it seems he might have been required to show his authority as an attorney to institute and prosecute it, but this authority

was not questioned, until long after the commencement of the suit, and much pleading had been indulged, and not in fact, until the trial of the cause was entered on, until after the jury had been selected, and the plaintiff's counsel had stated their cause to them.

Furthermore, the authority of the attorney was not questioned on any facts which were stated, showing or tending to show a lack of authority, but simply upon a denial that the attorney had authority from any of the lessors, to bring the suit. This, according to authorities, was insufficient to challenge the authority of the attorney, and to require him to produce it.—Weeks, § 198, and authorities there cited.

We have not overlooked section 594 of the Code of 1896. This section is nothing more than declaratory of the common law, and the right given by it may be waived, just as the right secured to the defendant by the common law may be.

It follows that the court erred in dismissing the suit on the motion of defendants.

Reversed and remanded.

Tyson, C. J., and Simpson and Denson, JJ., concur.