# Southern Ry. Co. *v.* Cortner, *et al.*

## *Damage for Loss of Cotton.*

(Decided Feb. 1, 1912. 58 South. 84.)

1. *Evidence; Book Entries.*—Entries on a book purporting to contain a record of the cotton received by a compress company during the period involved are not admissible in evidence where no reason was shown for not producing the person who made the entries or some one who could testify from his own knowledge that they were correct.

2. *Same; Expert; Signature.*—Any witness who has seen another write, or who knows his handwriting may express an opinion as to the genuineness of his signature, and hence. a witness was properly permitted to testify that he was plaintiff's agent in the purchase of cotton during the year in which the particular bales were shipped, and that during that year several bales had been received by plaintiff on bills of lading signed by the same person who signed bills of lading for the particular shipment.

3. *Same; Document.*—Books, abstracts and papers of the compress company through which as the carrier's agent deliveries were customarily made, were not admissible as against plaintiff in the absence of testimony from the person who kept, made or prepared them, that they spoke the truth.

4. *Same; Admissions.*—The witness was properly permitted to testify that the bills of lading which evidenced the shipment of the three bales of cotton in question also covered other cotton, some of which was delivered and some not, and that the cotton not so delivered, and not in controversy was paid for by the defendant, the defendant refusing to pay for the three bales in controversy, claiming that they had been delivered, as such testimony tended to show an admission that the three bales had been received by the carrier under the bill of lading, and had been transported according to their terms, and that the person who issued the bill of lading was the agent of the carrier.

5. *Carriers; Failure to Deliver Freight; Instructions.*—Where there was no evidence to rebut the positive evidence that the three bales of cotton had not been deliverd by the carrir, it was not improper to direct a verdict for the plaintiff.

6. *Appeal and Error; Harmless Error.*—Where the plaintiff was entitled to have the verdict directed for it, the defendant was not in position to complain on appeal of erroneous rulings which could not have affected the result.

7. *New Trial; Motion; Time.*—Under the Act creating the Law and Equity Court of Morgan County (Local Laws 1907, p. 170), a motion for new trial was properly stricken where the movant did not call the court's attention thereto until after the expiration of thirty days from the date of the judgment.

[Southern Ry. Co. v. Cortner, et al.]

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Actions by R. G. Cortner and others against the Southern Railway Company for failure to deliver certain cotton. Judgment for plaintiff and defendant appeals. Affirmed.

WERT & LYNNE, for appellant. The court erred in directing a verdict for plaintiff.—*B. R. L. & P. Co. v. Enslen*, 144 Ala. 343; *So. Ry. v. Nelson*, 148 Ala. 88. The court was in error in striking the motion for a new trial.—Sec. 5372, Code 1907. Counsel discuss assignments of error relative to evidence, but without further citation of authority.

E. W. GODBEY, for appellee. It was competent to show that the Compress Company acted as agent for the defendant.—*Woodstock I. Co. v. Roberts*, 87 Ala. 436; *Talladega I. Co. v. Peacock*, 67 Ala. 253; *McGrew v. Harris*, 17 Ala. 825; 47 L. R. A. 223. The book entries were not competent.—*Walling v. Morgan County*, 126 Ala. 326. It is competent to show recognition of liability by defendants for companion bales shipped under and included in the same bill of lading.—*Wood v. Brewer*, 73 Ala. 260; *Lytle v. Bank of Dothan*, 121 Ala. 215; *B. M. R. Co. v. Tenn. Co.*, 127 Ala. 137. The court properly disregarded the motion for new trial as it was not called to the judge's attention in time.—*Schwartz v. Oppenheimer*, 90 Ala. 462; *Storey M. Co. v. McClellan*, 145 Ala. 629.

DE GRAFFENRIED, J.—The appellees brought two suits against the appellant, and the two suits were consolidated and tried as one. The only matter in real dispute between the parties was whether the appellant, which had received three bales of cotton consigned to

26 CA

the appellees at Decatur, Ala., and which the appellant had contracted as a common carrier to transport and deliver to the appellees at Decatur, Ala., had, in fact, delivered said cotton to the appellees. The value of the cotton was agreed upon, and the case was tried upon the plea of the general issue. At the conclusion of the evidence, the court, at the written request of the appellees, charged the jury that, if they believed the evidence, they must find the issues in favor of the plaintiffs as to the three bales of cotton. There was a verdict for the plaintiffs, and the defendant appeals.

It appears from the evidence that appellees were cotton buyers, and that it was the custom for the appellant to make delivery of cotton shipped to appellees at Decatur through the Gulf Compress Company, which owned and controlled a cotton compress at Decatur, and only through such compress company. It appears that, when cotton was shipped to the appellees at Decatur by an arrangement between appellant and the compress company to which the appellees were in no way parties, the cotton was turned over by the defendant to said compress company, and that said company, for a consideration of 2 cents per bale, notified the consignees of the arrival of the cotton, and delivered it to the consignees. It is therefore apparent that the Gulf Compress Company was, under the undisputed evidence, the agent of the appellant for the purpose of delivering the cotton in controversy to the appellees, and that, if said compress company failed to deliver the cotton, the appellant is liable.

1. During the progress of the trial the appellant, against the objection of the appellees, undertook to get before the jury, as evidence in the case, a certain book which was kept by said compress company, and which purported to contain a record of the cotton received

during the period inquired about by said compress company. The evidence showed that the book offered was the book which was kept by the proper agents of the company, but no witness was produced who made any of the entries in the book or who could testify from his own knowledge to the correctness of any entry on the book touching the matters under investigation. The appellant offered no sufficient excuse accounting for the absence of the agent who made the entries and the court properly refused to allow such book or any entries made in it to go before the jury.—*Hart v. Kendall,* 82 Ala. 144, 3 South. 41; *Walling v. Morgan County,* 126 Ala. 326, 28 South. 433.

2. For the purpose of showing that the appellant had received the cotton for the purpose of transporting and delivering it to the appellees, two bills of lading were introduced. A witness was examined by appellees, who testified that he had been an agent or servant of appellees in and about the purchase of cotton during the year in which the cotton was shipped, and that during such year several hundred bales of cotton had been received by the appellees on bills of lading signed by the same party who signed the bills of lading evidencing the shipment of the cotton in dispute. "The competency of persons to give their opinions as to whether a given signature is in the proper handwriting of the person it purports to have been made by is not confined to experts. Any witness who has seen the party write, or who knows his handwriting, may express his opinion as to the genuineness of the signature. Of course, the extent of his familiarity with the handwriting will enter into the weight of the testimony."—*Moon's Adm'x v. Crowder,* 72 Ala. 79.

In addition to the above, the witness further testified that the bills of lading which evidenced the shipment of

the three bales of cotton in controversy also evidenced the shipment of other bales of cotton, some of which were delivered to appellees and some not; that the bales not so delivered, and not in controversy, were paid for by appellant, and the appellant refused to pay for the three bales in controversy because it claimed that the compress company had delivered them to appellees. We are of the opinion that this evidence was admissible because it tended to show an admission on the part of the appellant that it received the cotton under the bills of lading and transported it to Decatur in accordance with their terms. It tended to show that appellant admitted that the man who issued the bills of lading was its agent.—4 Mayfield's Dig. p. 525, subd. 74; *Kidd & Co. v. Cromwell Haight & Co.*, 17 Ala. 648. The bills of lading were properly admitted in evidence.

3. Under the evidence, the Gulf Compress Company was the agent of the appellant for the delivery of cotton at Decatur. We are therefore unable to see, under any principle governing the admission of testimony, how the books or abstracts or papers of the compress company, certainly in the absence of the evidence of the man who kept or made or prepared them, that they spoke the truth, could be held to be competent evidence against appellees in a suit between appellees and appellant. Appellees are strangers to such books, papers, and abstracts. It is not claimed that they or any one authorized to represent them kept the books, or had anything to do with the preparation of the abstracts or papers. The court committed no error in excluding the abstracts which the defendant attempted to introduce in evidence and in holding that they were not legal evidence in the case.—*Hart v. Kendall, supra; Walling v. Morgan County, supra.*

[Southern Ry. Co. v. Cortner, et al.]

4. The evidence of the appellees was positive to the effect that the three bales of cotton were never delivered to them, and we find nothing in the record to rebut that evidence. The court, therefore, committed no error in giving the general affirmative charge to the jury at the written request of the appellees.

5. There are several assignments of error as to minor questions which arose during the progress of the trial which we have not considered. Without regard to the question as to whether the court properly ruled on such minor questions, the appellees, under the legal evidence in the case, were entitled to the general affirmative charge, and the rulings of the court on the questions not considered could not have affected the result.

6. Before the expiration of 30 days after the rendition of the judgment, appellant filed a motion for a new trial. It did not call the court's attention to the motion until after the expiration of 30 days. Under the provisions of the act creating the law and equity court of Morgan county (Laws 1907, p. 170), a judgment rendered in that court becomes, 30 days after its rendition, possessed of all the qualities of finality possessed by a judgment of a circuit court after the expiration of the term at which it was rendered. The procedure adopted by appellant in filing its motion for a new trial shows conclusively that the motion was not made under section 5372 of the Code of 1907, but under section 2856 of the Code, relating to appeals from the decisions of the city and circuit courts granting or refusing to grant motions for new trials.—*Perry v. King,* 117 Ala. 533, 23 South. 783. The court, therefore, properly granted appellees' motion to strike the motion for a new trial. —*Southern Ry. Co. v. Griffith,* 58 South. 425.

Affirmed.