(77 South. 427)

GILLESPY v. LITTLE. (6 Div. 131.)

(Court of Appeals of Alabama. Nov. 22, 1917.)

1. EVIDENCE ☞185(1) — SECONDARY EVIDENCE — WRITINGS — CONTENTS — FOUNDATION.

An agent making out and mailing a statement cannot testify as to the contents, where the copy kept is lost, unless a proper showing is made that the adverse party has been notified and failed to produce the original.

2. LANDLORD AND TENANT ☞231(4)—RENTING FOR ILLEGAL PURPOSES—KNOWLEDGE OF OWNER—EVIDENCE.

In an action for rent, evidence that plaintiff's agent would not rent defendant a whole building unless a prostitute on an upper floor was taken care of, was admissible as tending to show notice to plaintiff of the purposes for which the premises were being rented.

3. TRIAL ☞143—DIRECTING VERDICT—CONFLICTING EVIDENCE.

Where the evidence was conflicting, the trial court properly refused a general charge.

4. LANDLORD AND TENANT ☞233(4)—ACTION FOR RENT—RENTING FOR ILLEGAL PURPOSES —INSTRUCTIONS.

In action for rent, an instruction to find for plaintiff unless premises were rented for purpose of subletting for illegal purposes, it not appearing that the lessee did not use it for that purpose himself, was properly refused.

Appeal from City Court of Bessemer; J. C. B. Gwin, Judge.

Action by John S. Gillespy against E. A. Little. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

George Rutledge, being introduced by defendant, testified that he was a member of the firm of Walker & Rutledge, who were agents for plaintiff in renting the premises in controversy, and that he had charge of making statements, remitting checks, etc. He was asked if he rendered written statements to Dr. Gillespy here about the rent of this building, and over objection was permitted to testify that he made written statements to Dr. Gillespy personally on the 1st of each month, and that they sent Dr. Gillespy a copy and retained a copy, but did not know what had become of the copy; that Mr. Walker was dead, and the business had been sold to Moody & Co. He was further permitted to be asked over objection whether or not the statement rendered to Dr. Gillespy showed that the lower floor was rented to E. A. Little, and the upper floor rented by Alice Mitchell. The second assignment of error is as follows:

The court erred in overruling appellant's objection to the following question propounded by appellee to the witness Moore, and his answer thereto: "Then, pending that, Mr. Walker had refused to lease the whole building, unless he would take care of Alice Mitchell on the upper floor?" Answer: "Yes, sir."

The charge made the basis of assignment of error 3 is as follows:

(1) I charge you that before you can find for defendant in this case, you must believe from the evidence that plaintiff's agent, acting within the line and scope of his agency, rented the premises in this case to defendant for the purpose of defendant subletting it to a woman for the purpose of carrying on an unlawful business.

Assignment of error 4: General affirmative charge for plaintiff.

Action by the plaintiff against the defendant on a lease contract for the rent of a storehouse.

J. M. Gillespy, Jr., of Birmingham, for appellant. Pinkney Scott, of Bessemer, for appellee.

SAMFORD, J. [1] On the trial, the defendant was permitted to introduce secondary evidence of a written statement claimed to have been sent from plaintiff's agent to the plaintiff, without notice having been given to the plaintiff to produce the statement at the trial. Where a writing of which a party desires to

introduce secondary evidence or its contents is in the control of the adverse party, the former will be required as a general rule to show to the satisfaction of the presiding judge that the adverse party being in possession of the writing has failed or refused to produce the same, after notice given to him or his attorney sufficiently reasonable in point of time to allow its production at the trial, before secondary evidence of the contents will be admitted. 5 Vol. Modern Law of Evidence, § 3585; First Brickell Digest, vol. 1, p. 848; Kidd & Co. v. Cromwell-Haight & Co., 17 Ala. 648. The proper predicate not having been laid, the court erred in permitting secondary proof of this statement.

[2] The second assignment of error is not well taken. The evidence was admissible as tending to show notice to the plaintiff of the character of the premises, and the purposes for which the premises were being rented.

[3, 4] The court did not err in refusing the two charges requested by the plaintiff and made the basis of assignments 3 and 4. One of these is the general charge, and the evidence is in conflict. The other requires a verdict for the plaintiff, unless the renting was for the purpose of subletting for immoral purposes, non constat the defendant may have used the premises himself for such purposes.

For the error pointed out, the judgment of the lower court is reversed, and the cause is remanded.

Reversed and remanded.