(80 South. 373)

TUCKER et al. v. DENSON et al. (1 Div. 76.)

(Supreme Court of Alabama.   Dec. 19, 1918.)

RELIGIOUS SOCIETIES ⬤➡23(2)—BAPTIST CONGREGATION—WILL OF MAJORITY.

Baptist Church being congregational in its policy and democratic in its organization, where church of that denomination split into factions, majority faction constituted church, and could exclude from membership therein other faction, whose duty it was to submit.

Appeal from Circuit Court, Clarke County; Ben D. Turner, Judge.

Suit by Judge Tucker and others, trustees, etc., against Hillary Denson and others. From order denying temporary injunction, complainants appeal.   Affirmed.

T. J. Bedsole, of Grove Hill, for appellants.
F. E. Poole, of Grove Hill, for appellees.

GARDNER, J.  The Mackey Branch Baptist Church, No. 1, is a missionary Baptist Church for colored people, located at Gosport, Clarke county, Ala.  It is congregation-

al in its nature, and governed exclusively by the will of its members in good standing.

The complainants claim to be members in good standing in said church, and to have been duly elected trustees by the membership thereof, and file this bill against these several respondents, seeking an injunction against their interference with the holding of church services, and against their trespass upon the property, including the cutting of valuable timber situated upon the 40 acres of land, the property of said church. The judge before whom the bill was presented for an order for temporary writ of injunction set the same down for hearing, as prescribed by the statute, and the cause was heard before him on affidavits offered by the respective parties, resulting in a denial of the temporary writ, from which order the complainants prosecute this appeal.

All of the parties to the suit were at one time members in good standing of said church. A division has arisen, and the affidavits disclose that there are now two factions—one known as the Tucker faction, represented by the complainants, and the other the Denson faction, represented by the respondents. Each faction insists that the other has been duly excluded from membership in said church.

We need not enter into a discussion of the evidence as disclosed by the several affidavits filed in the cause. Suffice it to say the same has been given very careful consideration, and the conclusion has been reached that the faction represented by the respondents constitutes a very large majority of the membership of said church, and that the acts complained of were done by respondents in conformity with the wishes and direction of said majority. "The Baptist Church is congregational in its policy. It is democratic in its organization. It is the right of each congregation to rule itself in accordance with the law of the church. The will of the majority having been expressed, it becomes the minority to submit." Gewin v. Pilgrim Baptist Church, 166 Ala. 345, 51 South. 947, 139 Am. St. Rep. 41.

Complaint is also made that the respondents have cut and removed some of the timber on the land upon which the church house is situated and thus diverted that portion of the property from its proper use. It may be seriously questioned that, under the proof here disclosed, the complainants are in position to make such complaint. This question need not be here determined, as the proof shows that what timber was cut was hauled away for the purpose of being converted into lumber, and being brought back upon the premises to be used in the erection of a house of worship—made necessary by the fact that the faction represented by the com-

plainants still held control of the original church house.

We are of the opinion that, upon the record as here presented, the trial judge properly acted in denying to order a temporary writ of injunction, and his order to that effect will be here affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.