(112 So. 134)

**PALLILLA et al. v. GALILEE BAPTIST CHURCH.** (6 Div. 689.)

(Supreme Court of Alabama. Jan. 13, 1927. Rehearing Denied April 14, 1927.)

1. **Evidence** ⬧373(1)—Objection that handwriting in minute book of church was not sufficiently identified held untenable.

Objection that handwriting in minute book of church was not sufficiently identified *held* untenable, where book itself was completely identified and admitted only as negative evidence that it contained no reference to certain proceedings.

2. **Religious societies** ⬧20—Pastor and two trustees of Baptist church held without authority to execute quitclaim deed.

Pastor of Baptist church and two trustees *held* without authority to execute quitclaim deed to part of property previously conveyed to church, where such action was not authorized by congregational meeting, notwithstanding resolution attached to deed and purporting to authorize such action.

3. **Religious societies** ⬧20 — Neither pastor nor trustees are agents of Baptist church as respects conveyance of property.

Neither the pastor nor the trustees of a Baptist church are agents thereof in respect to conveyance of church property.

4. **Attorney and client** ⬧70—Appearance of attorney of proper court is presumed authorized, and party denying authority has burden of proof.

An appearance in a suit by attorney of proper court is presumed to be authorized, and party denying such authority has burden of proof.

Appeal from Circuit Court, Jefferson County; Roger Snyder, Judge.

Action in ejectment by the Galilee Baptist Church against Stephano Pallilla, Mrs. Guiseppe Lo Bue, and George Lo Bue. From a judgment for plaintiff, defendants appeal. Affirmed.

Hugh A. Locke and E. M. Creel, both of Birmingham, for appellants.

A mere irregularity in the authorization of a deed by a corporation cannot defeat title in a purchaser for value without notice. 14A C. J. 312; Moog v. Strang, 69 Ala. 98; Royal v. Goss, 154 Ala. 117, 45 So. 231; Stewart v. Stewart, 205 Ala. 340, 87 So. 799. When an agent of a corporation acts within the apparent scope of his authority in doing what the corporation could legally do, such corporation cannot, after years of acquiescence, attack the validity of the act of its agent as against the rights of third persons. Jenson v. Toltec Ranch Co. (C. C. A.) 174 F. 86; Manchester Mill & Elevator Co. v. Strong (C. C. A.) 231 F. 876; Cockrill v. Cockrill (C. C. A.) 92 F. 811. Documentary evidence cannot be admitted without proper identification. People's Sav. Bank of Tallassee v. Jordan, 200 Ala. 500, 76 So. 442; Southern R. Co. v. Cortner, 3 Ala. App. 400, 58 So. 84; 22 C. J. 229. A Baptist Church corporation cannot bring suit without authority from a majority of its members. Blount v. Sixteenth St. Baptist Church, 206 Ala. 423, 90 So. 602; Manning v. Yeager, 203 Ala. 185, 82 So. 435.

Harsh & Harsh and W. T. White, both of Birmingham, for appellee.

The fact that suit is brought by an attorney who is an officer of the court is prima facie evidence that there is authority for bringing the suit; at any rate, the matter is one of which only plaintiff can complain. Delhi v. Graham, 6 Thomp. & C. (N. Y.) 49; 6 C. J. 631, 633; Daughdrill v. Daughdrill, 108 Ala. 321, 19 So. 185. The burden of proof is upon the party introducing a deed to show execution thereof by those having prima facie authority; and the fact that the deed was signed by the pastor and two trustees does not prima facie establish authority. Calvary Baptist Church v. Dart, 68 S. C. 221, 47 S. E. 66; Associate Presbyterian Con. v. Hanna, 113 App. Div. 12, 98 N. Y. S. 1082; South K. U. SS. Ass'n v. Espy, 17 Ohio Cir. Ct. R. 524; Voorhees v. Presbyterian, etc., 8 Barb. (N. Y.) 135; African M. E. Church v. Duru, 19 La. Ann. 302. A Baptist Church cannot convey its real estate without authority of a meeting of the congregation of which due notice has been given. Blount v. Baptist Church, 206 Ala. 423, 90 So. 602; Wiggin v. Free Will Baptist Church, 49 Mass. (8 Metc.) 301; Manning v. Yeager, 203 Ala. 185, 82 So. 435; Moore v. Rector, etc., 4 Abb. N. C. (N. Y.) 51. A church is not estopped by the act of its preacher and two trustees. Moore v. Rector, supra.

GARDNER, J. On February 25, 1919, the Galilee Baptist Church purchased from Stephano Pallilla a certain lot in the city of Birmingham, abutting 100 feet along the west side of Twenty-Third street and 50 feet along the south side of an alley, which alley was situate between Tenth and Eleventh Avenues North. At this time there was a small store facing on Twenty-Third street, which occupied a part of the 35 feet of said lot here sued for, and which store was rented by Pallilla to defendant Lo Bue; that the title to the whole of the lot passed to plaintiff Galilee Baptist Church by virtue of the deed by Pallilla is not questioned, and it is agreed the parties to this suit claim title through a common source.

This suit in ejectment by the said church to recover possession of this 35-foot lot on which the store is located resulted in a verdict and judgment for the plaintiff, from which defendants have prosecuted this appeal. Defendant Lo Bue claims title thereto by warranty deed from said Pallilla, dated August 4, 1919, and Pallilla's claim rests upon a quitclaim deed purporting to be executed for and on behalf of the Galilee Baptist Church to said Pallilla in July, 1919. The result of this cause rests upon the question of the validity of this quitclaim deed to Pallilla.

Upon the face of the deed it is recited that a mistake occurred in the execution of the deed by Pallilla to the church, in that this particular 35-foot lot was not intended to be conveyed by the parties, and that the quitclaim deed is by way of correction of this error. The deed also contains recital that the church had by resolution authorized the reconveyance of this property, and that the trustees had likewise consented thereto. It purports in its recitals to be signed in the name of the church by T. S. Edwards, the pastor, and countersigned by David Bryan, the secretary. It is in fact signed in the name of the church by Edwards, "its pastor," and by two of the seven trustees of the church, but is not countersigned by the secretary, Bryan. Attached thereto is a resolution purporting to represent the action of the church by the congregation assembled upon due notice authorizing this conveyance, and also a resolution at a meeting of the trustees to like effect. These resolutions are signed by the pastor only, as "T. S. Edwards, Pastor"; the space for signature of the secretary being blank.

[1] But the evidence discloses without dispute that no such meeting of the congregation or members of said church was had authorizing any such conveyance, or that at any congregational meeting the matter was discussed or mentioned in any manner. Numerous members of the church who were regular attendants upon the services so testified, and there was no evidence offered to the contrary. The minutes of the church kept during that period was sufficiently identified, and properly offered in evidence. These minutes were offered so as to furnish evidence of a negative character to the effect that they contain no reference whatever to any such proceedings. The objection on the part of

defendant that sufficient evidence of the handwriting therein contained had not been shown (citing South. Rwy. Co. v. Cortner, 3 Ala. App. 400, 58 So. 84) is untenable, in view of the complete identity of the book and of the negative character of the evidence as above indicated.

[2, 3] In any event, however, the minute book was but cumulative evidence of undisputed proof that the church had taken no action whatever authorizing any such transaction. In our former decisions it has been noted that the Baptist Church "has long been a pure democracy," and "congregation governed." Manning v. Yeager, 203 Ala. 185, 82 So. 435; Blount v. Sixteenth St. Baptist Church, 206 Ala. 423, 90 So. 602. "The Baptist Church is congregational in its policy. It is democratic in its organization. It is the right of each congregation to rule itself in accordance with the law of the church. The will of the majority having been expressed, it becomes the minority to submit." Gewin v. Mt. Pilgrim Church, 166 Ala. 345, 51 So. 947, 139 Am. St. Rep. 41; Tucker v. Denson, 202 Ala. 308, 80 So. 373. Under the foregoing well-recognized principle controlling questions pertaining to this denomination, and in view of the undisputed proof, the pastor and the two trustees had no authority whatever to execute the conveyance to Pallilla, and the pastor to sign the purported resolutions attached thereto. It is not a question of one being held out as agent and binding a corporation while acting within the line and scope of authority, as insisted by counsel for appellant (citing 14A C. J. 368; Jenson v. Toltec Ranch Co. [C. C. A.] 174 F. 86); nor is it a mere question of irregularity in the exercise of power (14A C. J. 312); nor is there any question of estoppel by deed (Baker v. Horsley, 212 Ala. 181, 101 So. 830). These authorities are without application to the instant case. Neither the pastor nor the trustees were agents of the church concerning any matters of this character, and were wholly lacking in authority to act or assume to act for the church. As said by the Supreme Court of South Carolina in Calvary Baptist Church v. Dart, 68 S. C. 221, 47 S. E. 66:

"It was not possible for these trustees legally to assert any rights of their own. When any step was taken or contemplated by them, it was absolutely necessary that the church should clothe them with power. By virtue of their office as trustees, they could not buy or sell church property, nor could they mortgage the same. If the church wished to clothe them with any such power, it had to proceed to do so in the way such powers are created by any other person or body. So, therefore, when these trustees signed this paper along with John L. Dart, unless the plaintiff saw proper to authorize it in the first instance, or ratified it afterwards, it was mere waste paper."

See, also, Blount v. Sixteenth St. Baptist Church, supra.

Here there was neither authorization in the first instance nor ratification thereafter. Neither the pastor nor these two trustees testify, and no explanation of their conduct is offered by the proof. The resolutions attached to the deed were signed by the pastor, and constituted misrepresentations on his part, without binding force on the church, and upon which Lo Bue, the purchaser from Pallilla, had no right to rely. The church as such was not represented in the transaction, took no action in regard thereto, and had no knowledge or notice thereof, according to the undisputed proof. The case of Moog v. Strang, 69 Ala. 98, is without analogy to the case here presented.

Under the uncontradicted proof, therefore, we are of the opinion the plaintiff church was entitled to the affirmative charge, and this conclusion renders unnecessary a discussion of other assignments of error not embraced in the foregoing consideration of the cause.

[4] "An appearance in a suit by an attorney of the proper court, is presumed to be authorized. The burden of proof is upon the party denying the authority." Doe v Abbott, 152 Ala. 243, 44 So. 637, 126 Am. St. Rep. 30; 6 C. J. 631. Any suggestion of want of authority on the part of counsel for the plaintiff (Blount v. Sixteenth St. Baptist Church, supra), is wholly unsupported by any proof, and is sufficiently answered by the foregoing quotation from Doe v. Abbott, supra.

There is no reversible error in the record, and the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.