SMITH ET AL., APPELLANTS, *v.* ST. JOHN BAPTIST CHURCH OF BOZEMAN ET AL., RESPONDENTS.

No. 8914.

Submitted November 8, 1949. Decided December 1, 1949.

211 Pac. (2d) 975.

Messrs. Maury and Shone, and Mr. James P. Kennedy, all of Butte, for appellants. Mr. Shone and Mr. Kennedy argued orally.

Mr. J. H. Morrow, Jr., and Mr. Don A. Nash, both of Bozeman for respondents. Mr. Morrow and Mr. Nash argued orally.

MR. JUSTICE ANGSTMAN:

This is an action by plaintiffs as two members of defendant church, suing for themselves and for the other members to set aside a certain deed executed to defendant Ella M. Ross by defendants Melissa McDonald, Mary M. Gross and Belle McDonald as purported trustees of the church.

The cause was tried to the court sitting without a jury, resulting in findings and decree against plaintiffs and in favor of defendant, Ella M. Ross, declaring that she is the owner of the property and that the deed was and is valid.

The pertinent facts are these: St. John Baptist Church of Bozeman was organized on January 20, 1920. The articles of incorporation were executed on that day and signed by seven incorporators, two of whom were plaintiffs Oswald Smith and Ada B. Smith. The articles of incorporation provided that ''The affairs of said corporation shall be managed by a board of three trustees to be elected by the members of said church on the first Friday in January of each year.''

The corporation had no by-laws. The church has not func-

tioned since 1929. At that time the trustees were Mrs. Lulu Harrison, Hayes St. Clair and defendant Melissa McDonald.

Lulu Harrison died in 1939 or 1940 and prior to the time of the transactions here involved. Hayes St. Clair was the minister of the church and he left Bozeman prior to 1940 and his whereabouts is unknown.

Since 1930 the church property has been leased to different persons for purposes other than religious worship.

Defendant Melissa McDonald has since about 1930 been in charge of leasing the property and collecting rents, making repairs, and paying taxes on it, all to the knowledge of plaintiffs and other church members.

On June 29, 1944, Melissa McDonald as trustee executed a written lease of the property to defendant Ella M. Ross for a period of two years or until June 30, 1946, which contained an option to purchase in this language: "It is further understood and agreed, that should the party of the first part [being the church] desire to sell said premises during the term of this lease, that the party of the second part [being defendant Ella Ross] shall have the first right to purchase said property, at the selling price."

On October 16, 1945, acting upon advice of Mr. E. F. Bunker who acted as counsel for the church, Melissa McDonald in writing appointed her two sisters, Mary M. Gross and Belle McDonald as trustees of the church, to act until the next regular election and until their successors were elected and qualified. They accepted the appointment in writing.

On October 20, 1945, the deed in question here was executed. It was signed: "The St. John Baptist Church

> Melissa McDonald
> Mary M. Gross
> Belle McDonald,
> > Trustees

"By authority of the By-Laws and action of the Trustees."

Mr. Bunker was present when the deed was executed and he

delivered it to Ella M. Ross. Ella M. Ross paid $2,000 for the property but the money was placed in a trust fund to await the outcome of a suit to quiet title which was then contemplated. Plaintiffs and the other members of the church, its president, secretary and treasurer, had no notice of the sale or of any meeting where consideration of the question of selling the church property was to be had. Their first knowledge of the sale came after it was made.

The court found that Belle McDonald and Mary M. Gross were two of the duly elected and appointed trustees of the church at the time the deed in question was given. The correctness of this conclusion is one of the questions on which plaintiffs take issue.

As we view the case it is not necessary to determine whether Mary Gross and Belle McDonald were duly appointed members of the board of trustees. If we assume that they were, that would not justify a sale of the church property by them without consulting the membership of the church.

The trustees of a church hold its property in trust for the use of the members of the church for the purposes for which it was acquired. 45 Am. Jur., "Religious Societies," sec. 24 and sec. 48, pp. 738 and 758.

"* * * when a church, strictly congregational or independent in its organization, is governed solely within itself, either by a majority of its membership or by such other local organism as it may have instituted for the purpose of ecclesiastical government, and holds property either by way of purchase or donation, with no other specific trust attached to it than that it is for the use of the church, the numerical majority of the membership of the church may ordinarily control the right to the use and title of such property." 45 Am. Jur., "Religious Societies," sec. 54, p. 764. And see, Kenesaw Free Baptist Church v. Lattimer, 103 Neb. 755, 174 N. W. 296, 8 A. L. R. 98; Mitchell v. Church of Christ at Mt. Olive, 221 Ala. 315, 128 So. 781, 70 A. L. R. 71, and note on page 78.

Section· 6458, R. C. M. 1935, which relates specifically to religious corporations, provides: "Corporations of this character mentioned in this chapter, heretofore organized or that may be hereafter organized, may mortgage or sell real and personal property held by them in such way and through such officers as may be authorized by their constitutions, by-laws, or resolutions."

Here there was no constitution or by-laws of the corporation and hence if the trustees may sell the property of a church which in this case was the church building itself, there must have been a resolution adopted by the members authorizing them so to do. There was no such resolution. The membership of the church was in no way notified of the intention to sell and was not given an opportunity to express itself on that question.

We hold that the directors, even though we assume that they were legally appointed as such, had no authority without action of the membership of the church to sell the church property. Compare Calvary Baptist Church v. Dart, 68 S. C. 221, 47 S. E. 66, and Pallilla v. Galilee Baptist Church, 215 Ala. 667, 112 So. 134. The authority conferred by the articles of incorporation to manage the affairs of the church did not contemplate a sale of the building acquired for religious purposes. Such sale was not within the scope of the corporate powers or purposes delegated to the trustees. A deed executed by the trustees without authorization from the members of the church corporation is ultra vires and does not pass title. Apostolic Holiness Union of Post Falls v. Knudson, 21 Idaho 589, 123 Pac. 473; Banks v. Community Church, 178 Or. 1, 165 Pac. (2d) 65.

But defendant Ross contends that as against her, plaintiffs and the church are estopped from questioning the validity of the deed. The facts relied upon as supporting this contention are that she is an innocent purchaser for value; that she relied upon representations of Melissa McDonald and E. F. Bunker as to the validity of the deed; that she had been in possession of the property under a written lease to the knowledge of plaintiff and the

other members of the church, which lease gave her the right of purchase; that she checked the title in the abstract office with Mr. Bunker before buying; that plaintiffs for many years permitted Melissa McDonald to manage the property without any objection.

Defendant Ross relies upon the general principle stated in 19 C. J. S., Corporations, p. 481, sec. 1011, to the effect that where the stockholders of a corporation by their conduct have induced a third person to believe that a certain officer has authority to do a particular act, the corporation is estopped from repudiating such act. The difficulty here is that there was no conduct on the part of the membership of the church which could have led Mrs. Ross to believe that Melissa McDonald or anyone else had the right or authority to sell the church property.

It is true the membership permitted her to lease it as she saw fit and to otherwise care for it but that would not justify an inference that she had the right to sell it.

Respondent also relies upon subdivision 3 of section 10605, R. C. M. 1935, reading: "The following presumptions, and no others, are deemed conclusive: * * * 3. Whenever a party has, by his own declaration, act, or omission, intentionally and deliberately led another to believe a particular thing true, and to act upon such belief, he cannot, in any litigation arising out of such declaration, act, or omission, be permitted to falsify it."

There was evidence that plaintiff Ada Smith had made statements proposing that the church property be sold and the proceeds divided among the church members. She denied making such statement. If we assume however that it was made, it could not be binding as an estoppel upon the other members of the church or upon the church corporation itself.

Respondents also complain that plaintiffs are or should be estopped because of unreasonable delay in making any objection to the sale. The record shows that they learned of the making of the deed in question on October 23, 1945, and took no steps to repudiate the sale until this action was commenced

some nine months later. It does not appear that anyone changed his or her position because of the delay in questioning the sale.

Furthermore the record shows that as soon as plaintiff Ada Smith learned of the sale of the church she went to Butte and told defendant Melissa McDonald that ''she was going to take it in hand.''

Because of the question regarding the regularity of the sale, the money was placed, and is being held, in a trust fund and no one has been or will be prejudicially affected by the delay in bringing this action.

It is suggested that any other conclusion than that reached by the trial court would work an injustice on Mrs. Ross because of improvements made on the property. All these improvements were made before she purported to purchase the property. If Mrs. Ross has any right cognizable by a court of equity because of the improvements, that is a matter that does not affect the validity of the deed and is not involved in this proceeding.

Since the deed to Mrs. Ross was invalid the judgment is reversed.

MR. CHIEF JUSTICE ADAIR and ASSOCIATE JUSTICES FREEBOURN, METCALF and BOTTOMLY, concur.