Mark L. Fielding defaulted on his student loans, which were serviced by HICA Education Loan Corporation, by and through its agent, Sallie Mae, Inc. ("HICA"). HICA sued Fielding in Florida; however, upon learning that Fielding no longer resided in Florida, HICA voluntarily dismissed the Florida action. HICA then sued Fielding in the Talladega Circuit Court, instituting the action on September 19, 2005. Fielding was served and he sent the court a letter to which he attached a document that appears to be a copy of an order purporting to dismiss the Florida action without prejudice. Fielding did not serve this filing on HICA; however, HICA learned of the filing, which the case-action-summary sheet lists as "Answer viz: order of dismissal from Flagler Co., Florida," and obtained a copy. Although the case-action-summary sheet does not so reflect, the case was set for a "routine docket call" on January 12, 2006, at which HICA failed to appear.
The trial court entered a judgment dismissing HICA's complaint for lack of prosecution under Rule 41(b), Ala. R. Civ. P., on January 12, 2006. HICA moved to set aside the dismissal on January 23, 2006, alleging that its failure to appear was based on a calendaring error. The trial court set a hearing on HICA's motion for February 8, 2006. HICA's regular counsel, J. Paul Clinton of Stokes and Clinton, P.C., practices in Mobile County; he associated local counsel, Van Wilkins, to appear in court. Wilkins had not filed a notice of appearance, however, and the trial court refused to accept his appearance on HICA's behalf at the February 8, 2006, hearing and denied HICA's motion *Page 1263 
to set aside the dismissal. HICA appeals, arguing that the trial court exceeded its discretion in dismissing the action for lack of prosecution.
 "A dismissal for want of prosecution is within the discretion and inherent power of the trial court. Link v. Wabash R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). The granting of a dismissal will be reversed only if an abuse of discretion is shown. See Smith v. Wilcox County Board of Education, 365 So.2d 659 (Ala. 1978); 9 Wright 
Miller, Federal Practice Procedure § 2370 (1976) (2d ed.). Dismissal with prejudice is a harsh sanction and should be used only in extreme circumstances. Nevertheless, in every action there comes a point when the interest of the court in controlling its calendar and the risk to the defendant outweigh the interest in disposing of the litigation on the merits. See Dyotherm Corp. v. Turbo Machine Co., 392 F.2d 146 [(3d Cir. 1968)], on remand, 48 F.R.D. 380, appeal dismissed, 434 F.2d 65 (3d Cir.1970).
 "In Alabama, and many federal courts, the interest in disposing of the litigation on the merits is overcome and a dismissal may be granted when there is a clear record of delay, willful default or contumacious conduct by the plaintiff. Smith v. Wilcox County Board of Education, 365 So.2d at 661. See, e.g., Boazman v. Economics Laboratory, Inc., 537 F.2d 210 (5th Cir.1976); Pond v. Braniff Airways[, Inc.], 453 F.2d 347 (5th Cir. 1972). Willful default or conduct is a conscious or intentional failure to act. Welsh v. Automatic Poultry Feeder Co., 439 F.2d 95 (8th Cir.1971). `Willful' is used in contradistinction to accidental or involuntary noncompliance. No wrongful motive or intent is necessary to show willful conduct."
Selby v. Money, 403 So.2d 218, 220-21 (Ala. 1981);see also Burton v. Allen, 628 So.2d 814, 815
(Ala.Civ.App. 1993).
As HICA argues, our review of the record failed to disclose a "clear record of delay, willful default or contumacious conduct by the plaintiff." In fact, only four months had elapsed between the filing of this action and the dismissal. HICA's inadvertent failure to appear at the January 12, 2006, docket call cannot be construed as willful. Likewise, its alleged failure to appear at the February 8, 2006, hearing was not willful. HICA's counsel, Clinton, associated Wilkins, who the trial court refused to allow to appear on HICA's behalf despite his presence in court for that very purpose.
Wilkins's failure to file a formal notice of appearance was not a sufficient basis for the trial court's refusal to accept his appearance on HICA's behalf. See Kingvision Pay-Per-View,Ltd. v. Ayers, 886 So.2d 45, 52 (Ala. 2003). As our supreme court has explained:
 "`"An appearance in a suit by an attorney of the proper court, is presumed to be authorized. The burden of proof is upon the party denying the authority."' Pallilla v. Galilee Baptist Church, 215 Ala. 667, 669, 112 So. 134, 135 (1927) (quoting Doe v. Abbott, 152 Ala. 243, 245, 44 So. 637, 637
(1907)). `Where the authority of an attorney to appear for a party to a cause or proceeding is a subject of inquiry, the appearance of the attorney is presumptive evidence of the authority of the attorney to represent the party; and, in the absence of evidence to the contrary, such appearance is sufficient to justify the conclusion that the attorney was authorized by the party to appear and represent him in the *Page 1264 
cause or proceeding.' Kemp v. Donovan, 208 Ala. 289, 290, 94 So. 168, 169 (1922) (citations omitted). Accord 7 Am. Jur.2d Attorneys at Law § 160 (1997) and 7A C.J.S. Attorney Client § 171 (1980); [b]ut cf. Singleton v. Allen, 431 So.2d 547, 549 (Ala.Civ.App. 1983)."
Ayers, 886 So.2d at 52. See also Big Red Elephant v.Bryant, 477 So.2d 342, 344 (Ala. 1985) (holding that an attorney who purported to represent a party and against whom no allegation that he did not represent that party was made had authority to file a suggestion of death on behalf of that party despite the fact that he had not filed a notice of appearance). Nothing in the record indicates that Fielding challenged Wilkins's authority to appear on behalf on HICA. Thus, Wilkins was presumed to have had that authority.
Because the record fails to justify the trial court's dismissal of HICA's action against Fielding, and its subsequent refusal to set aside that dismissal, on the ground that Wilkins had not filed a formal notice of appearance, we reverse the trial court's judgment of dismissal and remand this cause for further proceedings in HICA's action against Fielding.
REVERSED AND REMANDED.
PITTMAN, MURDOCK, and BRYAN, JJ., concur.
THOMPSON, J., concurs in the result, without writing.