# Tyson & Arrington *v.* Thompson.

## Assumpsit.

(Decided November 25, 1915. Rehearing denied January 20, 1916. 70 South. 649.)

1. **Attorney and Client; Compensation; Jury Question.**—Where the action was for compensation for examining an abstract of title to land on which defendant had an option, and it appeared that the owner of the land was a relative and a client of the plaintiff, and that plaintiff had prepared the option contract, and that defendant and the owner of the land went to the office of plaintiff where the abstract was handed to plaintiff to examine without anything being said relative to the payment of the fee, and that plaintiff completed the work too late for the defendant to derive any benefit therefrom, the question of defendant's liability for the fee was for the jury.

2. **Same.**—In the absence of an express contract the presumption arising from the acceptance of the services of an attorney, that there is an obligation to pay what the services are reasonably worth, may be rebutted by proof of facts and circumstances showing that the parties otherwise intended.

3. **Same.**—The fact that an attorney's services may have been beneficial will not obligate the persons benefited thereby to pay therefor in the absence of a contract of employment.

4. **Appeal and Error; Harmless Error; Instruction.**—Where plaintiffs recovered nothing, the refusal of an instruction as to the reasonable value of the service was harmless, if error.

5. **Evidence; Opinion; Probative Effect.**—Where the action was for compensation of an attorney the evidence as to the reasonable value of the services was not binding on the jury.

6. **Attorney and Client; Compensation; Evidence; Instructions.**—Where the jury were authorized from the evidence to conclude that although plaintiff's opinion as to the title was incidentally for the benefit of defendant, yet the services were rendered primarily to the owner of the land and were to be paid for by him, instructions asserting that if the services were rendered for defendant, and accepted by him, plaintiffs were entitled to recover, were misleading, and their refusal proper.

[Tyson & Arrington v. Thompson.]

7. **Appeal and Error; Harmless Error; Evidence.**—Where the action was for compensation for examining an abstract of title to land on which defendant had an option, the admission in evidence of the option contract and mortgages which were to have been executed by defendant, had the transaction resulted in a sale, and which paper had been prepared by the plaintiff's attorney for the owner of the land, if error, was harmless, where it did not appear that any substantial rights of plaintiff were injuriously affected thereby.

APPEAL from Macon Circuit Court.

Heard before Hon. S. L. BREWER.

Assumpsit by Tyson & Arrington against W. W. Thompson. From judgment for defendant, plaintiffs appeal. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

The facts sufficiently appear from the opinion. The following are the charges referred to in the opinion: (1) Affirmative charge to find for plaintiffs.

(2) Under the testimony $500 is a reasonable fee for the services rendered.

(4) If the defendant accepted the services rendered by plaintiffs, then they are entitled to recover.

(5) If plaintiffs rendered services for defendant, and defendant accepted their services, then the verdict must be for the plaintiffs.

H. P. MERRITT, and TYSON & ARRINGTON, for appellant. O. S. LEWIS, for appellee.

GARDNER, J.—This action was for the recovery for work and labor done by the plaintiffs for the defendant, at his request, the complaint containing only one count, and the cause being tried upon the general issue. Evidence offered by the plaintiffs was to the effect that the defendant brought to their office an abstract of title to certain lands, something more than 6,000 acres, and requested Judge Tyson, a member of appellants' firm, to give him an opinion upon the title. Judge Tyson testified that the opinion furnished defendant was quite lengthy and required much labor in its preparation, that the services rendered were reasonably worth the sum of $500, and that there was no agreement with defendant, except that he handed him the papers and requested an examination of them and an opinion thereon.

(1) It is insisted by defendant that this cause of action arose out of a transaction regarding a contract for the purchase

of the lands above referred to by said defendant from one A. L. Tyson. Defendant testified that for the sum of $250 paid by him to said A. L. Tyson the latter executed to him an optional contract for the purchase of said lands, an abstract of title to be furnished by said Tyson, and the option contract to be extended to January 1, 1913, if purchase was not consummated within 60 days, upon the payment of $1,000, which he testifies was paid. Defendant further testified that said A. L. Tyson did not furnish the abstract until a few days prior to January 1, 1913, and that at that time his attorney was out of the state, of which fact he informed said Tyson. He stated further, all without objection, that he asked said A. L. Tyson who was his attorney, and upon his replying, "Judge Tyson," defendant agreed that, if he (A. L. Tyson) would get an opinion from his attorney, he would, in substance, be guided thereby, as his own attorney was out of the state, and that thereupon he, in company with A. L. Tyson, went to the office of plaintiffs, where the abstract of title was handed Judge Tyson. To use the language of the witness: "I told Judge Tyson that A. L. Tyson had a trade on his land; that Mr. Tyson wanted it closed up; that I had just gotten the abstracts; that my attorney did not have time to pass on them; that I had agreed with A. L. Tyson that if he got an opinion from his lawyer that they were all right that I would be willing to close up the deal. I told him that I wanted three days within which to close up the deal."

Defendant further testified that the opinion was not given until six weeks after the option had expired, and some time after A. L. Tyson had withdrawn the property from market. Defendant insisted that he in no manner obligated himself to pay Judge Tyson for an opinion.

Judge Tyson testified that A. L. Tyson was his relative (second cousin), and that he was attorney for said A. L. Tyson in the matter of the sale of this property, that he drafted the option contract referred to, and also the two mortgages which were to be executed by defendant in the event the transaction resulted in a sale, and that defendant knew he was attorney for said A. L. Tyson.

(2, 3) In *Irvin v. Strother*, 163 Ala. 484, 50 South. 969, it was said: "It is a settled principle of law 'that an attorney's claim for professional services against persons sui juris must

rest upon a contract of employment, express or implied, made by the person sought to be charged or his authorized agent.' "

The general rule is thus stated in the first headnote of *Hood v. League,* 102 Ala. 228, 14 South. 572: "Where, in the absence of an express contract, valuable services are rendered by one person to another, which are knowingly accepted, the law will presume an obligation to pay therefor what such services are reasonably worth, unless there is some other circumstance to rebut the presumption."

The legal presumption thus raised may, of course, be rebutted by other facts and circumstances in the case which may show the intention of the parties to be otherwise.—*Humes v. Decatur Land Co.,* 98 Ala. 461, 13 South. 368; 40 Cyc. 2809. In *Grimball v. Cruse,* 70 Ala. 534, 544, it is said: "Few decisions are rendered affecting property rights that do not in some respects benefit others who are not parties to the suit or the retainer. To travel beyond the parties making the contract, in search of an implied promise to pay for such incidental benefit, would introduce a new and dangerous principle in implied contracts, to the extent of which it is difficult to conjecture. In *Roselius v. Delachaise,* 5 La. Ann. 481 [52 Am. Dec. 597], the principle declared is well expressed in the headnote, as follows: 'However valuable the services of an attorney may have been to a party in a suit in which he represented others having a similar interest, he cannot recover a fee from a party who has not employed him.' In 1 Wait's Act. & Def. 456, speaking of the right of an attorney to recover for services rendered, the author uses this language: 'He cannot recover of his client for professional services without proving a retainer; and even proof of the actual performance of the services is not sufficient, where there is no proof of a knowledge or a recognition of the services by the client.' In *Savings Bank v. Benton,* 2 Metch. (Ky.) 240, a suit was pending against two defendants; the report not showing whether they were equally bound, or otherwise. One defendant employed counsel to represent him and the other defendant. That other defendant was sued for the fee. The court said: 'If it be true, as the testimony conduces the fact to be, that the appellee was employed by Sandford to act as counsel for him, and also for the savings bank, of which the latter was apprised, and that he was not employed by the savings bank as counsel

in the suit, then no inference could arise that the savings bank was to pay him for his services, although it may have known that the services were rendered, and may have received the benefit of them.'"

"A contract of employment by the client must be shown in order to fix his responsibility, and it is not sufficient that the services were beneficial to him or the result valuable. The absence of an express promise on the client's part to pay will not, however, prejudice recovery, if the employment is fairly made out from all the attendant circumstances, and acquiescence by the client in the attorney's conduct may supply the place of a request to act, provided the case was such that the client might reasonably know that he would be expected to pay for the work."—4 Cyc. 984, 985.

"The rule as generally stated is that, in the absence of family relationship, where one renders beneficial services for another, the law ordinarily presumes a request and a promise to pay what such services are reasonably worth, unless it is understood that they were to be rendered gratuitously, or unless they were rendered under circumstances which repel this presumption."—40 Cyc. 2809.

In *Davidson v. Westchester Gaslight Co.*, 99 N. Y. 558, 2 N. E. 892, cited in note to 40 Cyc. 2809, it was said: "A promise to pay for services is sometimes implied by law; but this is done only when the court can see that they were rendered under such circumstances as authorized the party performing to entertain a reasonable expectation of their payment by the party soliciting the performance.—Story, Const. § 12."

Upon an inspection of all the evidence in the case, we entertain the view that the question of liability of the defendant was, under all the facts and circumstances, one for the determination of the jury, and that the affirmative charge requested by the plaintiff was properly refused.

(4, 5) We are also of the opinion that there was no reversible error in refusing charges 2, 4, and 5. Charge 2, relating to the reasonable value of the services rendered, scarcely needs consideration, in view of the fact that the plaintiff was awarded no sum whatever. Without regard to any other defects, it would seem also that the charge has a misleading tendency in presupposing the verdict for the plaintiff. Moreover, the evidence as

[Tyson & Arrington v. Thompson.]

to the value of the services was not necessarily binding upon the jury.—*Andrews v. Frierson*, 144 Ala. 470, 39 South. 512; *Robinson v. Crotwell*, 175 Ala. 194, 57 South. 23; 6 Michie, Dig. of Ala. § 431; 4 Cyc. 1003.

(6) Much stress is laid in argument upon the refusal of charge 5, a consideration of which will also dispose of charge 4. We are of the opinion, that, under the facts and circumstances of this case, this charge was properly refused for its misleading tendency. It was the insistence of the defendant that, while the opinion as to the title was incidentally for his benefit, to the extent of settling his mind sufficiently to justify him in closing the transaction, yet the services rendered were by the attorney for A. L. Tyson, and were also and primarily for his (said Tyson's) benefit, in that it was an important step in the consummation of the sale of this property, involving more than $75,000, and that the services were, in fact, rendered by A. L. Tyson's attorney for the said Tyson, and under such circumstances as the jury could infer that there existed a reasonable expectation that such services were to be paid for by said Tyson, and not by the defendant.

Under the evidence as here disclosed, charges 4 and 5 were properly refused, as having a misleading tendency. During the progress of the trial it was proven that Judge Tyson, as attorney for A. L. Tyson, prepared the option contract referred to, as well as the mortgages, which were to be executed by defendant in the event the transaction resulted in a sale.

(7) The option contract, as well as these mortgages, were subsequently brought in evidence by the defendant over the objection of the plaintiffs. As to the preparation of these papers Judge Tyson had previously admitted, when testifying in the case, that he had prepared them, and we can hardly see that the introduction of the papers themselves could work any prejudice to these appellants. Under these circumstances, even if it should be conceded that they might properly have been excluded we cannot say that their introduction probably injuriously affected any of the substantial rights of the plaintiffs. We do not mean, however, to indicate that these papers were inadmissible under the facts and circumstances of this case.—Volume 6, Michie's Digest of Alabama, p. 68. But it is unnecessary, we think, that this should be determined.

[Bruce v. Drake.]

Finding no error in the record, the judgment of the court below is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.