(94 South. 168)

**KEMP et al. v. DONOVAN et al.**
**(1 Div. 254.)**

(Supreme Court of Alabama.   Oct. 26, 1922.)

**1. Injunction ⬤=252(7)—Attorney's fees in obtaining dissolution recoverable in action on bond.**

Under an injunction bond, giving assurance to pay "all damages and costs which any person may sustain by the suing out of said injunction if the same is dissolved by the court," liability for attorney's fees incurred in having the injunction dissolved, even by means of demurrer to the bill, is an element of damages recoverable.

**2. Attorney and client ⬤=70 — Appearance presumptive evidence of authority.**

Appearance of an attorney is presumptive evidence of authority to represent the party, and, in the absence of evidence to the contrary, is sufficient to justify the conclusion that the attorney was authorized by the party to appear and represent him in the cause or proceeding.

**3. Evidence ⬤=536—Attorney competent to give expert opinion as to relief sought.**

In action on injunction bond, a practicing attorney of eight years' standing was competent to form and to state as evidence an expert opinion with respect to the relief sought in an equity cause, and that injunctive relief "was the only relief sought in the suit."

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Action by Annie J. Donovan and A. Lawrence against W. H. Kemp and the National Surety Company, for damages for the breach of conditions of an injunction bond. From

a judgment for plaintiffs, defendants appeal. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Affirmed.

Gaillard, Mahorner & Arnold, of Mobile, for appellants.

It is not enough to prove the value of services rendered, but, to entitle plaintiffs to recover, they must show that they either paid for such services or incurred liability therefor. 84 South. 412; 97 Ala. 726, 12 South. 414; 124 Ala. 614, 27 South. 454. Damages, to be recoverable upon an injunction bond, must fall within the conditions, and must have been caused by the injunction. 124 Ala. 614, 27 South. 454; 100 Ala. 286, 14 South. 44; 65 Ala. 417, 39 Am. Rep. 5.

Smiths, Young, Lehigh & Johnston, of Mobile, for appellees.

The fact that the attorney appears in the cause and files pleadings creates a presumption that he has been employed therein. 151 Ala. 252, 44 South. 203; 108 Ala. 321, 19 South. 185; 150 Ala. 243, 43 South. 785; Minor, 31; Minor, 50; 71 Ala. 299, 46 Am. Rep. 318; 159 Ala. 645, 49 South. 255; 75 Cal. 596, 19 Pac. 174; 34 Cyc. 1619. Services having been rendered to the plaintiffs in their litigation with the defendants, the plaintiffs are liable to said attorneys for a reasonable fee. 195 Ala. 235, 70 South. 649; 130 Ala. 204, 30 South. 732; 66 Ala. 29; 1 Stew. & P. 22; 102 Ala. 228, 14 South. 572; 66 Ala. 570; 128 Ala. 561, 29 South. 327; 153 Ala. 484, 45 South. 181.

McCLELLAN, J. Appellees sued the appellants to recover damages claimed to be demandable under an injunction (preliminary) bond; the injunction being dissolved in consequence of demurrer taking the ultimately sustained objection that the bill was without equity.

The former appeal in this action is reported in 17 Ala. App. 190, 84 South. 412.

There is motion to dismiss the appeal. In view of the conclusion prevailing on the merits, there is no necessity to pass upon the motion to dismiss.

[1] The only damages actually claimed are predicated of plaintiff's liability for attorney's fees incurred in procuring the dissolution of the preliminary injunction. The condition of the bond gave assurance to pay—

"all damages and costs which any person may sustain by the suing out of said injunction if the same is dissolved by the court. * * * "

It was well decided by the Court of Appeals on former appeal that liability for attorney's fees incurred in having the injunction dissolved, even by means of demurrer to the bill, was, if established, an element of damages recoverable in this action. 17 Ala. App. 190, 84 South. 412.

[2] The record of the cause in which this injunction bond was given discloses the appearance of Messrs. Smith as solicitors for the present appellees. Where the authority of an attorney to appear for a party to a cause or proceeding is a subject of inquiry, the appearance of the attorney is presumptive evidence of the authority of the attorney to represent the party; and, in the absence of evidence to the contrary, such appearance is sufficient to justify the conclusion that the attorney was authorized by the party to appear and represent him in the cause or proceeding. Jones on Evi. (2d Ed.) § 44; Freeman's annotation in 16 Am. Dec. 98, 99; Chamberlain v. Abbott, 152 Ala. 243, 245, 44 South. 637, 126 Am. St. Rep. 30. The evidence warranted the trial court's finding that Messrs. Smith represented the present appellees in the cause in question. For the professional services rendered by them, and accepted by appellees, in procuring the dissolution of the temporary injunction, the present appellees became thereupon liable to compensate those attorneys, in a sum equal to the reasonable value of such professional services. Hood v. League, 102 Ala. 228, 230, 14 South. 572; Tyson v. Thompson, 195 Ala. 230, 233, 70 South. 649. The undisputed evidence was that $300 was reasonable compensation for that service, and the court so adjudged.

[3] Mr. H. H. Smith, one of the attorneys for the present appellees, defendants in the equity cause, testified, among other things, that injunctive relief "was the only relief sought in the suit." The present defendants moved to strike the quoted statement of the witness, assigning the sole ground that it was the witness' conclusion. The pleadings in the equity cause were in evidence. The court overruled the motion. The witness, a practicing attorney of eight years' standing, was competent to form and to state as evidence an expert opinion with respect to the relief sought in the equity cause. The objection stated, the only one interposed, was not well taken.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.