This is an appeal from the trial court's denial of a 60 (b) motion for relief from judgment.
On November 23, 1977 Jeff Allen entered into an agreement with Larry Helms to purchase two ambulances and that portion of Helms Ambulance Company which operated in Colbert County. As part of the contract Allen agreed to refrain from providing ambulance service in Lauderdale *Page 548 
County and Larry Helms agreed to refrain from providing ambulance service in Colbert County.
Ricky L. Singleton and Peggy S. Singleton purchased the remainder of Larry Helms's ambulance business in March 1979. As part of the sale, the rights and obligations of the contract between Allen and Helms were assigned to and assumed by the Singletons. When the Singletons began doing business in Colbert County, Allen brought suit to enforce his contract of November 1977 and to enjoin the Singletons from conducting business in that county. The court found the 1977 contract to be an illegal restraint of trade and thus the contract was void. In February 1981 Allen filed a complaint in the Colbert County Circuit Court demanding the return of monies paid pursuant to the void contract. Allen demanded $14,250.
Prior to the filing of the lawsuit for return of monies, the Singletons filed a defamation action against Allen in the Circuit Court of Lauderdale County. Douglas Evans represented the Singletons in the defamation action and in the action which rendered the 1977 contract void. The defamation action was dismissed when it was called for trial. At the time of the dismissal, Allen's attorney, Gary C. Huckaby, told Douglas Evans that Allen intended to file an action for the return of monies paid. Evans agreed to accept service of process for the Singletons and, according to Allen, Evans was subsequently served with a copy of the complaint. Allen then filed a motion for summary judgment with supporting affidavits. A hearing on the motion was held and the court ruled in favor of Allen on the issue of liability, but reserved ruling on damages for submission of additional evidence. Douglas Evans appeared at the hearing. Allen later submitted evidence on damages owed and the court entered a judgment of $5,750 for him. Evans never filed any pleadings, briefs, or affidavits in the cause.
The Singletons, through their present attorney, Randy Whitten, filed a motion to stay execution of the judgment and a 60 (b) motion for relief from judgment. A hearing was set on the Singletons' motions. Allen's counsel withdrew from the case so that he could testify. Evans did not appear at the hearing. The motions were denied and the Singletons bring this appeal.
This court in reviewing the denial of a 60 (b) motion for relief from judgment is limited to deciding the correctness of that denial. Raine v. First Western Bank, 362 So.2d 846 (Ala. 1978). The decision to grant or deny relief pursuant to Alabama Rules of Civil Procedure 60 (b) is a matter largely within the trial court's discretion and will not be reversed on appeal absent a plain showing that the court abused its discretion. Exparte Hartford Insurance Co., 394 So.2d 933 (Ala. 1981);Pittman v. Pittman, 397 So.2d 139 (Ala.Civ.App.), cert. denied,397 So.2d 142 (Ala. 1981). In order to review the correctness of the trial court's denial of the motion for relief from judgment, we must determine whether the underlying judgment is void.
In brief, as in their 60 (b) motion, defendants state that they never received service of process. Therefore, they argue, the court lacked in personam jurisdiction over the defendants and the judgment is void. Defendants assert that they made no appearance in this cause, filed no answer or other responsive pleadings, and had no notice the suit was pending until after the judgment was rendered and they were served with interrogatories for discovery of assets. Although Douglas Evans had represented the defendants in several debt collection cases and in the two other lawsuits involving the same parties, the Singletons claim they never authorized Evans to receive service of process or represent them in this lawsuit. They also assert that they never waived service of process.
Rule 4 (h) of the Alabama Rules of Civil Procedure provides as to waiver of service of process the following:
 "A defendant or his attorney may accept or waive service of process, provided that said acceptance or waiver is in writing and signed by the defendant and a credible witness." *Page 549 
A.R.Civ.P. 4 (h). A careful examination of the record convinces us that the above stated procedure was not followed. Furthermore, the record is void of any evidence that the defendants waived service of process. "[W]here it is claimed that service of process has been waived that fact ought to be clearly established and shown on the record." Ex parteCullinan, 224 Ala. 263, 139 So. 255 (1932).
Plaintiff correctly states in brief that an attorney's appearance in a suit is presumed authorized. The burden of proving that the attorney did not have authority to appear is on the party denying authority. Pallilla v. Galilee BaptistChurch, 215 Ala. 667, 112 So. 134 (1927); Kemp v. Donovan,208 Ala. 289, 94 So. 168 (1922); see section 34-3-22, Code 1975. The defendants testified they were not served with the summons and complaint and did not authorize Mr. Evans to accept service for them. Moreover, there is no evidence in the record that Mr. Evans was employed by defendants to represent them in this lawsuit or to receive service of process on their behalf. Plaintiff argues, however, that the Singletons failed to meet their burden of proving Evans acted without authority.
We note however that the cases relied upon by plaintiff hold that the attorney who appears has presumptive authority to represent the defendant apparently after the latter has been properly served with process. Such is not the case in this lawsuit. Neither the Alabama Code nor our rules of civil procedure authorize process service on the defendant's attorney unless done in compliance with rule 4 (h), A.R.Civ.P. See 4 C. Wright A. Miller, Federal Practice Procedure: Civil § 1097 (1969); see also Ransom v. Brennan, 437 F.2d 513 (5th Cir. 1971); Schultz v. Schultz, 436 F.2d 635 (7th Cir. 1971). Since the Singletons were not personally served, the court lacked in personam jurisdiction. Therefore, the judgment is void, and this case is reversed.
REVERSED AND REMANDED.
WRIGHT, P.J., and HOLMES, J., concur.