The defendant, Russell Coal Company, Inc. ("Russell"), appeals from an order denying its Rule 60(b), Ala.R.Civ.P., motion for relief from a default judgment in favor of the plaintiffs, Kenneth Smith and Deborah Smith. Russell suffered a default judgment in the amount of $300,000 after it failed to answer the Smiths' complaint. Russell argues that the judgment is void, because, it says, the Smiths did not properly serve process on it. We agree, and we reverse and remand.
 I.
In 1996, Russell filed a petition in the United States Bankruptcy Court for the Northern District of Alabama, seeking protection under Chapter 11 of the United States Bankruptcy Code. The bankruptcy court appointed Terry Humphryes trustee of the bankruptcy estate of Russell, the debtor. Humphryes retained David B. Anderson as his attorney, apparently with the approval of the bankruptcy court.
In 1997, the Smiths filed this action against Russell. After their attempts to obtain service of process upon Russell failed, the Smiths had a copy of the summons and complaint sent by certified mail to Anderson, the attorney representing the bankruptcy trustee. A secretary at the law firm where Anderson works signed the certified-mail receipt on January 6, 2000.
On September 18, 2000, the Smiths filed an application for the entry of a default against Russell, claiming that Russell "was served through the bankruptcy trustee . . . on January 6, 2000." Default was entered on that same date, with leave to prove damages. On November 6, 2000, after a hearing on damages, the trial court entered judgment in favor of the Smiths and against Russell in the amount of $300,000.
On March 6, 2001, Russell filed a Rule 60(b), Ala.R.Civ.P., motion for relief from the default judgment, claiming that the judgment was void, because, it alleged, it had not been served with process in accordance with Rule 4(c)(6), Ala.R.Civ.P. On January 10, 2002, the trial court held a hearing on Russell's Rule 60(b) motion. *Page 783 
Testimony was taken and exhibits were received. On February 4, 2002, the trial court entered an order denying Russell's Rule 60(b) motion. On February 19, 2002, Russell filed a notice of appeal from that order.
 II.
Russell argues that the trial court erred in denying its motion for relief from the default judgment, because, it argues, the judgment is void. Rule 60(b), Ala.R.Civ.P., provides, in pertinent part: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void . . . ." Specifically, Russell argues that the Smiths did not serve process on it in accordance with Rule 4(c)(6), Ala.R.Civ.P. "`Failure of proper service under Rule 4 deprives a court of jurisdiction and renders its judgment void.' Ex parte Pate, 673 So.2d 427, 428-29 (Ala. 1995)." NorthbrookIndem. Co. v. Westgate, Ltd., 769 So.2d 890, 893 (Ala. 2000).
Ala.R.Civ.P. 4(c) provides:
"Service of process . . . shall be made as follows:
". . . .
 "(6) . . . Upon a corporation, either domestic or foreign, by serving the agent authorized by appointment or by law to receive service of process or by serving the corporation by certified mail at any of its usual places of business or by serving an officer or an agent of the corporation . . . ."
Russell asserts that David Anderson is not authorized by appointment or by law to receive service of process for Russell and that he is not an officer or agent of Russell.
The applicable standard of review is well established:
 "This Court has held that `[t]he review applicable to a Rule 60(b)(4) motion is de novo.' Greene v. Connelly, 628 So.2d 346, 351 (Ala. 1993); accord Insurance Management Admin., Inc. v. Palomar Ins. Corp., 590 So.2d 209, 212 (Ala. 1991).
 "`When the grant or denial of relief turns on the validity of the judgment, as under Rule 60(b)(4), discretion has no place. If the judgment is valid, it must stand; if it is void, it must be set aside. A judgment is void only if the court rendering it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process.'
"Palomar Ins., 590 So.2d at 212."
Northbrook Indem. Co., 769 So.2d at 893.
The Smiths argue that service upon Anderson, the attorney for the bankruptcy trustee, was sufficient to effect service upon Russell. They rely completely on their interpretation of 11 U.S.C.A. § 323, a portion of Chapter 11 of the United States Bankruptcy Code. That section provides that "[t]he trustee . . . is the representative of the estate," and that "[t]he trustee . . . has capacity to sue or be sued." However, there is no factual or legal support for the Smiths' contention that § 323 allows service of process upon the attorney for the trustee, in lieu of service upon the debtor-defendant.
David Anderson was the only person to testify at the hearing on Russell's Rule 60(b) motion. He testified that neither he nor the bankruptcy trustee was Russell's agent or employee. Further, he testified, without objection, that he could not accept service for Russell, the debtor-defendant. Anderson emphasized that he had been retained by the trustee of Russell's bankruptcy estate, i.e., of its assets. Pointing out that the trustee and the debtor may have adverse interests, Anderson testified: *Page 784 
"[I]n fact, I could not legally represent the trustee if I had an agency relationship with the debtor because I would be disqualified under the Bankruptcy Code from being both." Obviously, Anderson's testimony provides no factual support for the Smiths' contention.
The Smiths do not cite any case in support of their contention. Not only is their contention contrary to the plain language of the statute making the trustee "the representative of the estate," it is also inconsistent with those cases cited by Russell, as well as those cases revealed by our research. See, e.g., Commodity Futures Trading Comm'n v.Weintraub, 471 U.S. 343, 350 (1985); In re Adelphi Hosp. Corp.,579 F.2d 726 (2d Cir. 1978); and In re Obie Elie Wrecking Co., 35 B.R. 114
(N.D.Ohio. 1983).
 III.
For the foregoing reasons, we conclude that service upon Anderson, the attorney for the bankruptcy trustee, was not effective service of process upon Russell, the debtor-defendant. Therefore, the default judgment entered against Russell is void. Because the default judgment against Russell is void, we reverse the trial court's order denying Russell's Rule 60(b) motion for relief from the default judgment, and we remand the case for further proceedings.
REVERSED AND REMANDED.
Moore, C.J., and Houston, Lyons, and Johnstone, JJ., concur.