[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 47 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 48 
The defendant Kingvision Pay-Per-View, Ltd. ("Kingvision"), appeals the denial of a Rule 60(b), Ala. R. Civ. P., motion to vacate a default judgment. We affirm.
 Facts
Kingvision, a Delaware corporation headquartered in Florida and the owner of the exclusive right to broadcast the June 28, 1997, fight between Evander Holyfield and Mike Tyson, employed Coral Springs, Florida attorneys Scott Salomon and Barry Mittelberg (collectively "Salomon Mittelberg") to pursue claims against the plaintiff Lester Ayers and others in Alabama for the unlicenced interception of the broadcast. Salomon Mittelberg, in turn, employed Andrew Nelms ("Nelms"), a Montgomery attorney, to act as Alabama counsel for Kingvision in the pursuit of these claims. Before filing a lawsuit against the plaintiff, Salomon 
Mittelberg attempted to collect money from the plaintiff by means of telephone calls and letters.
In response to the collection efforts of Salomon Mittelberg, the plaintiff sued Kingvision for invasion of privacy and felonious injury, in the Bessemer Division of the Jefferson County Circuit Court in November 1997. The plaintiff served Kingvision by sending the summons and complaint by certified mail to Salomon Mittelberg rather than by serving either Kingvision itself or CT Corporation, the registered agent of Kingvision for service of process. Salomon Mittelberg, on behalf of Kingvision, moved the circuit court for additional time to respond to the plaintiff's complaint. The motion stated that "Defendant was served with the instant action seeking damages on or about December 5, 1997." The motion did not assert that the service of process on Kingvision was insufficient. After Salomon Mittelberg obtained additional *Page 49 
time to respond to the complaint, Nelms, on behalf of Kingvision, simultaneously filed both a Rule 12(b), Ala. R. Civ. P., motion to dismiss and an answer. The Rule 12(b) motion sought dismissal of the plaintiff's complaint on the grounds that the "complaint . . . fail[ed] to state a claim . . . upon which relief [could] be granted" and that the plaintiff's claims were "barred by personal jurisdiction." The motion did not assert that the service of process on Kingvision was insufficient. Similarly, while the answer asserted that the trial court "lack[ed] . . . jurisdiction," it did not assert that the service of process on Kingvision was insufficient. After the trial court denied the motion to dismiss, Salomon Mittelberg and Nelms filed a separate lawsuit against the plaintiff for recovery of damages for the unauthorized interception of the broadcast, in the United States District Court for the Northern District of Alabama. Subsequently, Nelms amended the answer of Kingvision in the plaintiff's state court lawsuit to assert a statute of limitations defense that Nelms had omitted from the original answer. This amended answer, like the previously filed Rule 12(b) motion and the original answer, failed to assert that the service of process on Kingvision was insufficient.
In the summer of 2000, Nelms withdrew as attorney of record for Kingvision in the plaintiff's lawsuit. Salomon Mittelberg then employed Birmingham attorney James Ward ("Ward") and his law firm, Corley, Moncus Ward, P.C. ("Corley"), to defend Kingvision against the plaintiff's claims. Corley, on behalf of Kingvision, deposed the plaintiff in October 2000. In December 2000, Ward and Corley, withdrawing as attorneys of record for Kingvision, requested that the trial court send copies of the order granting their motion to withdraw and send future notices to Kingvision in care of Salomon Mittelberg.
The trial court called the plaintiff's lawsuit for trial on September 24, 2001. When Kingvision failed to appear, the trial court entered a default against Kingvision. In December 2001, after the plaintiff presented evidence of damages, the trial court entered a default judgment against Kingvision in the amount of $65,000.
In July 2002, Kingvision moved the trial court under Rule 60(b), Ala. R. Civ. P., to vacate the default judgment because, Kingvision said, the default judgment was void and Kingvision had a meritorious defense to the plaintiff's claims. Kingvision asserted that the default judgment was void because: (1) the service of process was insufficient and (2) this insufficiency deprived the trial court of in personam jurisdiction over Kingvision. Kingvision did not assert that the trial court lacked in personam jurisdiction because of a lack of contacts between Kingvision and the State of Alabama or because of any reason other than the insufficiency of the service of process on Kingvision. In support of the Rule 60(b) motion, Kingvision submitted an affidavit from Donna K. Westrich. In pertinent part, Westrich testified:
 "1. I am vice president of Kingvision Pay-Per-View, Ltd. (`Kingvision').
 "2. [A June 10, 2002, letter from the plaintiff's attorney] is the first time that I was made aware that this lawsuit was pending against Kingvision, much less that a judgment against Kingvision had been taken. To my knowledge, no other employee or agent of Kingvision was ever notified about this lawsuit prior to my receipt of [the plaintiff's attorney's] letter.
". . . .
 "5. Sometime after June 28, 1997, Kingvision retained the law firm Salomon Mittelberg to pursue Kingvision's *Page 50 
claims against various individuals and/or commercial establishments that violated Kingvision's licensing and broadcasting rights with respect to the June 28, 1997 Holyfield/Tyson fight. One of the claims that Salomon Mittelberg was hired to pursue was Kingvision's claims against [the plaintiff]. The scope of Salomon Mittelberg's representation of Kingvision was limited to the prosecution of Kingvision's claims against [the plaintiff] resulting from the illegal act of broadcasting the Holyfield/Tyson fight. The scope of Salomon 
Mittelberg's representation of Kingvision was further limited in that, if a lawsuit was to be filed on behalf of Kingvision's behalf, it was to be filed in federal court under the applicable federal anti-piracy laws and regulations. It was never contemplated by Kingvision that Salomon Mittelberg would represent Kingvision in any lawsuit filed against Kingvision in state court."
The plaintiff noticed the deposition of the Rule 30(b)(6), Ala. R. Civ. P., representative of Kingvision on the subject of the authority of Salomon Mittelberg to represent Kingvision. When Kingvision refused to submit a witness for deposition voluntarily, the plaintiff moved the trial court to strike Westrich's affidavit and to compel Kingvision to make Westrich available for deposition. In pertinent part, the motion stated:
 "3. The affidavit of Ms. Westrich states her conclusions as to what Salomon Mittelberg, a law firm that Kingvision admits that it employed, were authorized to do but she does not show the basis of her opinion or include any detailed description of Kingvision's dealings with the law firm."
Moving for a protective order, Kingvision asserted that it should not be compelled to submit a witness for deposition until the trial court vacated the default judgment.
The trial court heard the Rule 60(b) motion of Kingvision without ruling on either the plaintiff's motion to strike Westrich's affidavit and to compel her deposition or the motion of Kingvision for a protective order. Nelms and Ward testified at the hearing that they were employed by Salomon Mittelberg, that all of their communications were with Salomon Mittelberg, and that they had not communicated directly with Kingvision. Nelms opined that Salomon Mittelberg had apparent authority to act as a general agent for Kingvision in the collection of monies owed Kingvision for the unlicenced interception of the broadcast of the Holyfield-Tyson fight. Following the hearing, the trial court ordered:
 "Motion for protective order of defendant Kingvision Pay-Per-View, Ltd. is denied. The Court finds that Salomon Mittelberg P.A. had a dual role, that of attorney for Kingvision and collection agent in the State of Alabama. All actions by them in this State pointed to the fact that they were acting as agents for Kingvision in this State. Therefore, their failure to answer the complaint and the subsequent entry of default against them on September 24, 2001, is not due to be set aside. Their motion to set aside the default is denied."
On appeal, Kingvision again asserts that it was entitled to relief from the default judgment under Rule 60(b)(4) because, Kingvision says, the default judgment is void because: (1) the service of process was insufficient and (2) this insufficiency deprived the trial court of in personam jurisdiction over Kingvision.[1] The *Page 51 
plaintiff asserts that "Salomon Mittelberg exercised such control over Kingvision's activities in Alabama that the court could find that Salomon Mittelberg were Kingvision's agents upon [whom] service of process could be made." Appellee's Brief, p. 18.
 Issue
The dispositive issue is whether Kingvision overcame the presumption[2] that Nelms was authorized to file the Rule 12(b) motion, answer, and amended answer that failed to assert the insufficiency of the service of process on Kingvision.
 Standard of Review
In reviewing the ruling of a trial court on a Rule 60(b) motion to vacate a default judgment on the ground that the default judgment is void, this Court applies a de novo standard of review:
 "`"When the grant or denial of relief turns on the validity of the judgment, as under Rule 60(b)(4), discretion has no place. If the judgment is valid, it must stand; if it is void, it must be set aside."'"
Russell Coal Co. v. Smith, 845 So.2d 781, 783 (Ala. 2002) (quoting Northbrook Indem. Co. v. Westgate, Ltd.,769 So.2d 890, 893 (Ala. 2000)) (quoting in turn Insurance Mgmt. Admin.,Inc. v. Palomar Ins. Corp., 590 So.2d 209, 212 (Ala. 1991)).
"[T]his Court `will affirm the judgment appealed from if supported on any valid legal ground.'" Smith v. Equifax Servs.,Inc., 537 So.2d 463, 465 (Ala. 1988) (citation omitted). This rule is qualified only by exceptions not applicable to the case now before us. See Liberty Nat'l Life Ins. Co. v. University ofAlabama Health Servs. Found., 881 So.2d 1013, 1020 (Ala. 2003).
 Law and Analysis
Rule 60(b)(4) provides, in pertinent part, that "the court may relieve a party . . . from a final judgment . . . [if] . . . the judgment is void. . . ." Rule 4(c)(6), Ala. R. Civ. P., provides, in pertinent part, that service of process on a foreign corporation must be made "by serving the agent authorized by appointment or by law to receive service of process or by serving the corporation by certified mail at any of its usual places of business." To establish proper service on a corporation by service on an alleged agent not authorized by appointment of the corporation, a plaintiff must prove that the corporation exercised a "high degree of control" over the alleged agent.Horizons 2000, Inc. v. Smith, 620 So.2d 606, 607 (Ala. 1993). "`"`The apparent [authority] of an agent is to be determined by the acts of the principal, and not by the acts of the agent. . . .'"'" Northington v. Dairyland Ins. Co.,445 So.2d 283, 285 (Ala. 1984) (quoting Automotive Acceptance Corp. v.Powell, 45 Ala.App. 596, 601, 234 So.2d 593, 597 (1970) (quoting in turn Am.Jur.2d Agency § 74)). *Page 52 
"Neither the Alabama Code nor our Rules of Civil Procedure authorize process service on the defendant's attorney unless performed in compliance with Rule 4(h), Singleton v. Allen,431 So.2d 547 (Ala.Civ.App. 1983), or unless there is credible evidence of the appointment of the attorney as agent for purposes of service of process, or that he is authorized by law in accordance with Rule 4(c)(1). . . ." Colvin v. Colvin,628 So.2d 802, 803 (Ala.Civ.App. 1993). Rule 4(h), Ala. R. Civ. P., provides that "[a] defendant or the defendant's attorney may accept or waive service of process, provided that said acceptance or waiver is in writing and signed by the defendant and a credible witness." "`"Failure of proper service under Rule 4 deprives a court of jurisdiction and renders its judgment void."'" Russell Coal, 845 So.2d at 783 (quoting NorthbrookIndem., 769 So.2d at 893).
Although Rule 4(h), Ala. R. Civ. P., provides the restrictive formalities required for a party to waive service of process before filing a motion or responsive pleading, Rule 12(h)(1), Ala. R. Civ. P., provides that a defendant which does file a Rule 12 motion or responsive pleading waives any insufficiency of the service of process on that defendant unless the defendant asserts that insufficiency in the Rule 12 motion, the responsive pleading, or an amendment to the responsive pleading:
"Rule 12. . . .
". . . .
"(h) Waiver or Preservation of Certain Defenses.
 "(1) A defense of . . . insufficiency of service of process is waived . . . if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof. . . ."
In pertinent part, § 34-3-22, Ala. Code 1975, provides that "the court may at any stage of the proceedings, upon proof [that an attorney has appeared for a party without authority], relieve the party for whom the attorney has assumed to appear from the consequences of [the attorney's] acts." (Emphasis added.) "`An appearance in a suit by an attorney of the proper court, is presumed to be authorized. The burden of proof is upon the party denying the authority.'" Pallilla v. Galilee Baptist Church,215 Ala. 667, 669, 112 So. 134, 135 (1927) (quoting Doe v.Abbott, 152 Ala. 243, 245, 44 So. 637, 637 (1907)). "Where the authority of an attorney to appear for a party to a cause or proceeding is a subject of inquiry, the appearance of the attorney is presumptive evidence of the authority of the attorney to represent the party; and, in the absence of evidence to the contrary, such appearance is sufficient to justify the conclusion that the attorney was authorized by the party to appear and represent him in the cause or proceeding." Kemp v. Donovan,208 Ala. 289, 290, 94 So. 168, 169 (1922) (citations omitted).Accord 7 Am.Jur.2d Attorneys at Law § 160 (1997) and 7A C.J.S. Attorney Client § 171 (1980); But cf. Singleton v.Allen, 431 So.2d 547, 549 (Ala.Civ.App. 1983), addressedinfra.
This rule, consisting of the presumption of the appearing attorney's authority to appear and the burden of proof on the challenging party, applies against a defaulted defendant, like Kingvision, which denies that it has either received service of process or authorized the attorney to accept service, to make an appearance, or to waive objections to service and in personam jurisdiction. The persuasive case of Lonning v. Lonning,199 N.W.2d 60, 62 (Iowa 1972), addresses precisely this scenario and affirms the ruling of the trial *Page 53 
court denying relief from the challenged judgment:
 "The rules which govern our consideration of this case are well established. The filing of a pleading is a general appearance. Rule 65(c), Rules of Civil Procedure. Jurisdiction of the person in a civil case may be acquired by service of notice in the manner and form prescribed by law, or by defendant's general appearance. Boyer v. Iowa High School Athletic Association, 258 Iowa 285, 138 N.W.2d 914 (1965); Emery Transportation Company v. Baker, 257 Iowa 1260, 136 N.W.2d 529 (1965); Baker v. Baker, [248 Iowa 361, 81 N.W.2d 1 (1957)]. A general appearance is a waiver of notice and if a party appears in person or by attorney he submits himself to the jurisdiction of the court. Humboldt Livestock Auction, Inc. v. B H Cattle Co., 261 Iowa 419, 155 N.W.2d 478 (1967); O'Connor v. Youngblade, 250 Iowa 808, 96 N.W.2d 457 (1959). He may not thereafter avoid that jurisdiction by special appearance. Gardner v. Beck, 195 Iowa 62, 189 N.W. 962 (1922); 5 Am.Jur.2d, Appearance § 16, pp. 491-92; 6 C.J.S., Appearances § 24, p. 67.
 "Where an attorney appears for a party to an action it is presumed he has authority to do so. Gibbons v. Belt, 239 Iowa 961, 33 N.W.2d 374 (1948); City of Cherokee v. Illinois Cent. R. Co., 157 Iowa 73, 137 N.W. 1053 (1912). This presumption is not conclusive and may be rebutted. Dragstra v. Northwestern State Bank of Orange City, 192 N.W.2d 786 (Iowa 1971). However, it may be overcome only by clear and satisfactory proof. Sloan v. Jepson, 217 Iowa 1082, 252 N.W. 535 (1934). The presumption in favor of authority for appearance is especially strong where, as here, validity of a judgment is at issue. Liken v. Shaffer, 64 F.Supp. 432 (N.D.Iowa 1946).
 "In this case the answer filed by attorney Cardamon, if authorized, was a general appearance obviating necessity of notice and subjecting the mother personally to district court jurisdiction."
This rule, consisting of the presumption of authority and the burden of proof, does not impair the virtually axiomatic rule that a party's nonappearance does not waive a want of in personam jurisdiction attributable to a lack of service of process. See Bennett v. Circus U.S.A., 108 F.R.D. 142, 149(N.D.Ind. 1985); 5A Charles Alan Wright Arthur R. Miller,Federal Practice and Procedure, § 1391 (2d ed. 1990). Rather, this rule provides a procedure for judging the validity of apurported appearance by an attorney on behalf of a party.
Indeed, a party which has suffered a default judgment because of that party's nonappearance after purported service and which denies receipt of the service of process confronts an analogous adverse presumption and burden of proof, as Image Auto, Inc. v.Mike Kelley Enterprises, Inc., 823 So.2d 655, 657-58 (Ala. 2001), explains:
 "The Rule 60(b) standard requires Image Auto to present clear and convincing evidence that it did not receive service of process. Raine v. First Western Bank, 362 So.2d 846, 848 (Ala. 1978). A signed return certificate filed in the clerk's office provides a rebuttable presumption that the party to whom the service was sent has been properly served. Insurance Mgmt. Admin., Inc. v. Palomar Ins. Corp., 590 So.2d 209, 213 (Ala. 1991). It is uncontested that Kelley Enterprises received a signed return certificate and that it properly filed that certificate in the clerk's office. Kelley Enterprises, therefore, established a rebuttable presumption *Page 54 
that Image Auto was properly served.
 "Image Auto cannot rebut the presumption of correctness merely by denying that it was properly served.
 "`[A] properly executed return will not be invalidated upon the uncorroborated statements of the parties in which they deny service upon themselves. Raine, supra. Corroboration does not necessarily mean that there must be additional, supporting testimony from another person; however, a mere denial by the party challenging the return is insufficient. Raine, supra. There must be additional evidence, such as statements of fact, tending to support the denial of service of process. See, e.g., Nolan v. Nolan, 429 So.2d 596 (Ala.Civ.App. 1982), where the only evidence presented was the testimony of the party successfully challenging the return, but that party was able to provide additional facts in her testimony which tended to support her denial of service.'
 "Powell v. Central Bank of the South, 510 So.2d 171, 172 (Ala. 1987)."
The rule that the law presumes the authority of the appearing attorney and that the challenging party bears the burden of proof neither violates due process nor imposes an undue burden on a defendant which has not been served with process and which is confronted with an unauthorized appearance and waiver by an attorney.
 "We have held that the constitutional requirement of due process of law means notice, a hearing according to that notice, and a judgment entered in accordance with such notice and hearing. Ex parte Rice, 265 Ala. 454, 92 So.2d 16 [(1957)]; Garrett v. Reid, 244 Ala. 254, 256, 13 So.2d 97 [(1943)]; Frahn v. Greyling Realization Corporation, 239 Ala. 580, 583, 195 So. 758, 761 [(1940)]. In Frahn it was also said:
 "` . . . Somewhat similar is the statement that it is a rule as old as the law that no one shall be personally bound until he has his day in court, by which is meant, until he has been duly cited to appear, and has been afforded an opportunity to be heard. . . .'"
Cooper v. Watts, 280 Ala. 236, 240, 191 So.2d 519, 522-23
(1966). Any defendant which has not received service but which has nonetheless suffered a default judgment retains the right to challenge the judgment until and when the defendant does receive notice, actual or constructive, Rule 60(b)(4), Ala. R. Civ. P., and McBrayer v. Hokes Bluff Auto Parts, 685 So.2d 763
(Ala.Civ.App. 1996); and the presumption of the appearing attorney's authority and the burden of proof on the defendant challenging that authority in no way impair the defendant's opportunity to be heard on that challenge or the defendant's right to a judgment entered upon that challenge. This presumption and burden no more violate due process than do the analogous presumption and burden that confront a defaulted defendant which denies receipt of service and challenges the return of service.See Image Auto, supra.
An absence of the presumption of authority in the appearing attorney and an absence of the burden on the challenging party in cases like the one before us would create two problems. First, such absence would leave the courts, and plaintiffs, with no assurance whatsoever that any Rule 12(h)(1) waiver is ever valid, even though such waivers are common to responsible, effective defense practice. Any defendant at any time could, without proof, claim that it had not received service and had not authorized the attorney to file the motion or pleading which waived lack of service *Page 55 
and lack of in personam jurisdiction. The second problem, related to the first, is that such an unsupported challenge would, unless the record already were to show the attorney's authority, put the plaintiff to the task of obtaining discovery from all of those who might have authorized the appearing attorney. On the other hand, to rebut the presumption that an appearing attorney has been authorized, the defaulted defendant needs only to submit a competent, factual affidavit demonstrating the lack of service and the lack of authority in the attorney to appear.
Singleton v. Allen, supra, recognizes this presumption, with its burden of proof, but then limits the rule:
 "Plaintiff correctly states in brief that an attorney's appearance in a suit is presumed authorized. The burden of proving that the attorney did not have authority to appear is on the party denying authority. Pallilla v. Galilee Baptist Church, 215 Ala. 667, 112 So. 134 (1927); Kemp v. Donovan, 208 Ala. 289, 94 So. 168 (1922); see
section 34-3-22, Code 1975. The defendants testified they were not served with the summons and complaint and did not authorize Mr. Evans [the attorney] to accept service for them. Moreover, there is no evidence in the record that Mr. Evans was employed by defendants to represent them in this lawsuit or to receive service of process on their behalf. Plaintiff argues, however, that the Singletons failed to meet their burden of proving Evans acted without authority.
 "We note however that the cases relied upon by plaintiff hold that the attorney who appears has presumptive authority to represent the defendant apparently after the latter has been properly served with process. Such is not the case in this lawsuit. Neither the Alabama Code nor our rules of civil procedure authorize process service on the defendant's attorney unless done in compliance with rule 4(h), [Ala.] R. Civ. P."
431 So.2d at 549 (emphasis original). The statement by theSingleton court limiting the rule to cases against defendants who or which have "been properly served with process" may have been unnecessary because, as the first-quoted paragraph ofSingleton reveals, the defendants may in fact have carried their burden, without contradiction in the record, by testifying that they were not served and that the attorney was not authorized. Singleton does not say that the defendants' testimony was either incompetent, conclusory, or otherwise insufficient. Carrying their burden without contradiction would have entitled the defendants to relief from the default judgment even with the application of the rule presuming the attorney's authority and placing the burden of proof on the defendants.
We have found no other case in any other jurisdiction that has followed the language in Singleton limiting the rule to cases against defendants who or which have "been properly served with process." Thus, for all of the reasons explained in our discussion of the rule presuming the authority of the appearing attorney and placing the burden of proof on the challenging party, we disapprove the limiting language in Singleton. We overrule Singleton to whatever extent it is inconsistent with today's opinion.
In pertinent part, Rule 602, Ala. R. Evid., provides that "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." A witness's conclusory statement regarding the import of documents or verbal communications that are not introduced into evidence is not admissible. *Page 56 See Ex parte Head, 572 So.2d 1276, 1281-82 (Ala. 1990) (holding that a witness's conclusory statements in an affidavit describing individuals' relationships with partnerships on the basis of documents filed in probate court were not admissible since authenticated copies of the documents on which the conclusory statements were based were not attached to the affidavit).
In the present lawsuit, the plaintiff, in serving process on an attorney representing Kingvision instead of serving process on Kingvision itself or on the registered agent of Kingvision for service of process, failed to effect proper service of process on Kingvision under Rule 4(c), Ala. R. Civ. P. Colvin, supra. The plaintiff's argument that Salomon Mittelberg exercised such a high degree of control over the activities of Kingvision in Alabama that Salomon Mittelberg constituted an "agent authorized by law" to receive service of process is invalid. First, the cases the plaintiff cites in support of this argument,Horizons 2000, supra, and Ex parte VolkswagenwerkAktiengesellschaft, 443 So.2d 880 (Ala. 1983), do not support this argument. Those cases addressed the issue of whether an agent was authorized by law to receive service of process on a principal because of the control exercised by the principal
over the agent rather than the control exercised by the agent
over the principal's affairs. Second, the evidence cited by the plaintiff in support of this argument, Nelms's opinion that Salomon Mittelberg had apparent authority to act as the general agent of Kingvision for collection of claims for the unlawful interception of the Holyfield-Tyson fight in the State of Alabama, lacked a foundation because Nelms, who had no contact with Kingvision, based his opinion on the actions of Salomon 
Mittelberg, the putative agent, rather than the actions of Kingvision, the putative principal. See Northington,445 So.2d at 285 ("`"[Apparent authority] is to be determined by the acts of the principal, and not by the acts of the agent."'"). Furthermore, since the plaintiff's argument was wrong, the trial court, in adopting this argument as the rationale for denying the Rule 60(b) motion, denied the motion for an erroneous reason. However, despite the erroneous rationale, the trial court reached the correct result in denying the motion.
While Kingvision correctly argues that the plaintiff did not effect proper service of process on Kingvision and that Kingvision did not waive service of process under Rule 4(h), Ala. R. Civ. P., Kingvision overlooks Nelms's filing of the Rule 12(b) motion, answer, and amended answer that failed to assert the insufficiency of the service of process on Kingvision. If Nelms had authority to file these pleadings on behalf of Kingvision, then under Rule 12(h)(1), Ala. R. Civ. P., Kingvision waived the insufficiency of the service of process. Thus, the dispositive issue in this appeal is whether Nelms had authority to file these pleadings.
Because, as already discussed at length, an attorney's appearance on behalf of a party in a lawsuit is presumed to be authorized, Kingvision bore the burden of proving that Nelms lacked authority to file these pleadings. However, the only evidence Kingvision presented that was relevant to the issue of Nelms's authority was Westrich's affidavit, which failed to refute effectively Nelms's authority to file these pleadings. Westrich, who testified only by affidavit, stated that "[i]t was never contemplated by Kingvision that Salomon Mittelberg would represent Kingvision in any lawsuit filed against Kingvision in state court." If admissible, this testimony would constitute indirect evidence that Nelms did not have authority to file motions or pleadings on behalf of Kingvision, *Page 57 
because Nelms derived his authority from Salomon Mittelberg. However, Westrich's testimony, aptly challenged by the plaintiff, was inadmissible for two reasons. First, her affidavit did not contain "evidence . . . sufficient to support a finding that the witness ha[d] personal knowledge of the matter" as required by Rule 602, Ala. R. Evid. Second, her testimony about the "contemplation" of Kingvision was a conclusion founded on communications between Kingvision and Salomon Mittelberg that Kingvision did not introduce into evidence.
The only evidence Kingvision offered to establish Westrich's personal knowledge of the authority of Salomon Mittelberg was her statement, "I am vice president of Kingvision." This statement evidenced no more than that she was the vice president of Kingvision when she made her affidavit in 2002. Westrich did not testify that she was vice president of Kingvision in 1997 when Kingvision employed Salomon Mittelberg and Salomon 
Mittelberg employed Nelms. Nor did she testify that she ever communicated with Salomon Mittelberg or that she was present when any other employee of Kingvision communicated with Salomon 
Mittelberg. She presented no evidence whatsoever that she had personal knowledge of the existence or nonexistence of authority in Salomon Mittelberg to represent Kingvision.
Moreover, Westrich provided no factual foundation for her conclusory statement, "It was never contemplated by Kingvision that Salomon Mittelberg would represent Kingvision in any lawsuit filed against Kingvision in state court." Westrich did not authenticate and attach to her affidavit any written contract or agreement or any correspondence between Kingvision and Salomon Mittelberg and did not supply testimony to any verbal communications between Kingvision and Salomon Mittelberg.
While the trial court did not rule on the plaintiff's motion to strike Westrich's affidavit, the plaintiff was entitled to an order striking Westrich's conclusory statement, "It was never contemplated by Kingvision that Salomon Mittelberg would represent Kingvision in any lawsuit filed against Kingvision in state court." Haygood v. Wesfam Restaurants, Inc.,675 So.2d 1312, 1314 (Ala.Civ.App. 1996), overruled on other grounds,Rothenberger v. Cast Prods., Inc., 716 So.2d 1220, 1224
(Ala.Civ.App. 1997):
 "The motion to strike was not ruled upon by the trial court; however, because the deficiencies of the affidavit were brought to that court's attention, they are properly subject to our review."
(Citations omitted.) Thus, Kingvision failed to present any admissible evidence that Nelms lacked authorization by Kingvision to file the Rule 12(b) motion, answer, or amended answer waiving, under Rule 12(h)(1), the insufficiency of the service of process on Kingvision. Because Kingvision waived the insufficiency of the service of process on it, the default judgment was not void for the plaintiff's failure to effect proper service of process on Kingvision. Moreover, because the challenge by Kingvision to the in personam jurisdiction of the trial court was grounded solely on the insufficiency of the service of process on Kingvision, its waiver of the insufficiency of the service of process forecloses also the argument that the default judgment was void for lack of in personam jurisdiction.
 Conclusion
Because the default judgment was not void, Kingvision was not entitled to relief pursuant to its Rule 60(b) motion as presented. Thus, the denial of the Rule 60(b) *Page 58 
motion is due to be affirmed, even though our reason for affirming differs from the reason of the trial court for denying.See Equifax Servs., 537 So.2d at 465, and Liberty Nat'l LifeIns. Co. v. University of Alabama Health Servs. Found.,881 So.2d at 1020.
AFFIRMED.
HOUSTON, SEE, LYONS, BROWN, HARWOOD, WOODALL, and STUART, JJ., concur.
[1] Kingvision asserts also that the trial court should have vacated the default judgment because Kingvision presented evidence satisfying the "three-factor analysis" enunciated inKirtland v. Fort Morgan Authority Sewer Service, Inc.,524 So.2d 600 (Ala. 1988). While Kingvision argued in the trial court that it had a meritorious defense to the plaintiff's claims, and while a meritorious defense is one of the three factors in the "three-factor analysis" enunciated in Kirtland, Kingvision neither cited Kirtland to the trial court nor specifically argued to the trial court that it should vacate the default judgment because the evidence presented by Kingvision satisfied the "three-factor analysis" enunciated in Kirtland. This Court cannot consider an argument that an appellant did not present to the trial court. See Smith v. Equifax Servs., Inc.,537 So.2d 463, 465 (Ala. 1988) ("[T]his Court will not reverse the trial court's judgment on a ground raised for the first time on appeal. . . .").
[2] Authorities cited infra.