Sections 34-13-11 and -12, Ala. Code 1975, were intended to insulate funeral directors and funeral establishments from liability for their actions in connection with the disposition of human remains. I therefore am not persuaded that, as stated in the main opinion, a "contest between [surviving relatives of the decedent] who were in differing degrees of kinship to the decedent during his or her lifetime," as opposed to a contest between a surviving relative and a funeral director, "might be decided by reference to such statutes." 938 So.2d at 434. Nor do I consider the Florida case of Andrews v. McGowan, 739 So.2d 132
(Fla.Dist.Ct.App. 1999), persuasive authority for that notion.
Nonetheless, the main opinion does conclude that he aforementioned statutes do not shed light upon which party is entitled to prevail in a contest over the disposition of a relative's human remains among more than one surviving relative of the same degree of kinship. Accordingly, the main opinion concludes, and I agree, that the circuit court erred in relying upon those statutes in deciding the dispute between the son and the daughter in this case.
The main opinion, however, goes on to justify an affirmance of the circuit court's judgment based upon "the inherent equity of the case" and a "public policy" consideration identified by the main opinion, namely, the need for the prompt burial of the dead. 938 So.2d at 434, 435. Those stated grounds for affirmance are different from the statutory grounds upon which the circuit court based its judgment. Further, neither party to this appeal has briefed such principles to this court. Accordingly, I do not think it appropriate, and for the reasons described below I do not find it necessary, for this court to explore those principles on its own in order to affirm the circuit court's judgment.
While it is true that this court "'"'will affirm the judgment appealed from if supported on any validlegal ground,'"'" Blackmon v. Brazil,895 So.2d 900, 905 (Ala. 2004) (quoting KingvisionPay-Per-View, Ltd. v. Ayers, 886 So.2d 45, 51 (Ala. 2003), quoting in turn other cases) (emphasis on the word "legal" added in Blackmon by our Supreme Court), the analysis in which the main opinion engages contemplates the finding and consideration of facts and the weighing of facts in light of equitable and policy considerations. Such tasks are within the province of trial courts, and not this court of appeals. See generally Hinds v. Hinds, 887 So.2d 267,272 n. 2. (Ala.Civ.App. 2004).
Moreover, by deciding this case based on the analysis laid out in the main opinion, this court is deciding the case based on principles not fully addressed by either the parties or the trial court in the proceedings below and, moreover, not briefed to this court. I believe this court attempts on its own to identify what would be the appropriate equitable and policy concerns to apply in a case such as this at the peril of misidentifying those concerns or overlooking additional or countervailing equitable or policy concerns that might be applicable (e.g., perhaps deference should be given to a next of kin requesting an autopsy under circumstances suggesting that misconduct may have led to the decedent's death) because we do not have the benefit of the parties having fully addressed these matters through the adversarial process. I do not believe this court should move to *Page 437 
fill an apparent void in the law (particularly when, for the reasons described below, it is not necessary for us to do so in order to decide the case before us) when the parties have not addressed the issue in the manner contemplated by the main opinion.
Nonetheless, I do agree that the circuit court's judgment should be affirmed in this case. I agree with that result because the daughter, who is the appellant in this case, has given us no basis for reversing that judgment.
Before the circuit court, the daughter took the singular position that the circuit court simply did not have jurisdiction. The circuit court disagreed with the daughter, and it ultimately entered a final judgment favoring the son based on §§ 34-13-11 and -12.
The daughter's only argument in her brief to this court on appeal is that "she has equal rights as a next of kin to determine the disposition of her mother's body." She cites no authority for this proposition. It is not this appellate court's role to do legal research or create an argument for an appellant. McLemore v. Fleming, 604 So.2d 353, 353
(Ala. 1992).
Even if the daughter had cited authority for her position that she has a coequal right with that of her brother to decide the disposition of her mother's remains, that position cannot be accepted by this court as a ground forreversing the circuit court's judgment. The daughter's position essentially is that neither party should be favored. The nature of the dispute in this case, however, is such that leaving the dispute in a permanent impasse is not an alternative for this court, just as it was not an alternative for the trial court. Thus, if the daughter is to succeed in this appeal, she must provide this court with some reason for which she ultimately should prevail over the son. That is, it is incumbent upon the daughter to present to this court an argument as to what legal standard or legal principles should have been applied by the circuit court that would have resulted in a judgment in her favor. She has not done that. It is on that ground alone that I believe this court should not reverse the judgment of the circuit court. See, e.g., Andrews v. Merritt Oil Co., 612 So.2d 409
(Ala. 1992) (this court will not reverse a trial court's judgment on an argument not presented to the trial court); andMcLemore v. Fleming, 604 So.2d at 353 (it is not the appellate court's role to do legal research or create an argument for an appellant).
BRYAN, J., concurs.